NACHOD & UNITED STATES SIGNAL CO., Inc., et al. v. AUTOMATIC SIGNAL CORPORATION et al.

No. 2712.

District Court, D. Connecticut.

Jan. 18, 1939.

T. Clay Lindsey, of Hartford, Conn., and William S. Hodges, of Washington, D. C., for plaintiffs.

J. Dwight Dana, of New Haven, Conn., and Clifton V. Edwards and D. Gordon Angus, both of New York City, for defendants.

HINCKS, District Judge.

This is a bill under R.S. § 4915, 35 U.S.C.A. § 63, brought originally against The Engineering and Research Corporation as assignee of the entire interest of the successful applicant, and against Automatic Signal Corporation as the exclusive licensee of its co-defendant. On September 20, 1938, I ordered granted the motion of the defendant Automatic Signal Corporation that as to it the bill be dismissed for lack of jurisdiction (said defendant not being an inhabitant of this District), and on the same day ordered granted the motion of The Engineering and Research Corporation that the bill be dismissed for lack of an indispensable party, on the ground that Automatic Signal as exclusive licensee was in truth an indispensable party. And on October 18, 1938, the bill was accordingly ordered dismissed.

At the time of the hearing on the foregoing motions, the plaintiffs seemed not to dispute that Automatic Signal was an indispensable party for all purposes of the foregoing rulings. But after the end of term new counsel entered and by motion filed on December 21, 1938, asked me to vacate the order of October 18th in so far as it dismissed the bill of complaint upon the ground that my prior order was erroneous in law in that it was predicated upon a holding that an exclusive licensee is an indispensable party in an action under R.S. § 4915. And upon this motion the parties have again been fully heard.

The purpose of the pending motion is to attack the conclusion of law upon which the decree of dismissal was entered. Prior to the promulgation of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, a motion for rehearing would have been the proper instrument of relief. Under the old practice such a motion could not be entertained by the trial court after the close of term. 3 Moore's Federal Practice, page 3259. Under the Rules of Civil Procedure, motions to attack conclusions of law are provided for in Rule 59(a) (2) and must be served not later than ten days after entry of judgment. Rule 59(b).

I thus conclude that I may not properly entertain plaintiffs' motion but must relegate them to their right of appeal.

Motion denied.