340

## In re J. & M. DOYLE CO.
### No. 7994.

Circuit Court of Appeals, Third Circuit.
Argued July 8, 1942.

Decided Aug. 3, 1942.

Thomas E. Doyle, of Erie, Pa. (Charles D. Cowley, of Erie, Pa., on the brief), for appellant.

John M. Reed, of Pittsburgh, Pa., for respondent.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

BIGGS, Circuit Judge.

J. & M. Doyle Company entered into four highway paving contracts with the Department of Highways of the Commonwealth of Pennsylvania in the autumn of 1939. These contracts required the company to supply the Commonwealth with surety bonds guaranteeing the completion of the contracts and the payment of materialmen and laborers by the contractor. Aetna Casualty Insurance Company was the surety upon the bonds and the contractor gave the surety written contracts of indemnification in the usual form.

The indemnity agreements provided among other things that the contractor should indemnify the surety for any "* * * charges and expenses of whatsoever · kind or nature, including counsel and attorney fees, whether incurred under retainer or salary or otherwise, which it shall or may at any time sustain or incur * * * by reason of its suretyship * * * or which it may sustain * * * in connection with any litigation, investigation * * *". One of the contracts was completed; two were incomplete, and work had not begun on the remaining contract, when in January, 1940, a bill in equity was filed in the Court of Common Pleas in Erie County by one of the officers and directors of the contractor praying the appointment of a receiver for the company for gross mismanagement. This caused the surety to investigate the financial status and condition of the contractor. It engaged counsel to aid it in the investigation. The surety paid its attorney the sum of $2,000 as compensation and $55 as reimbursement for his expenses. The surety's claim agent expended the sum of $285.87 in traveling expenses between Erie, Harrisburg and Pittsburgh and the surety also seeks reimbursement for this sum.

On March 25, 1940 a petition was filed by the contractor pursuant to the provisions of Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. Subsequently an order was entered by the court adjudicating the company a bankrupt and referring the case to a referee. The surety filed its claim with the referee. The trustee filed objections to the claim. A hearing was had before the referee on March 20, 1941. The referee allowed the claim on March 24, 1941. A petition for review was prepared but the trustee was not available for its execution within ten days of the day of the entry of the order allowing the claim, and the trustee's attorney orally requested of the referee an extension of time beyond the ten-day period prescribed by Section 39, sub. c of the Bankruptcy Act, 11 U.S. C.A. § 67, sub. c, for filing a petition for review. It is not clear precisely what action the referee took but it is stated in a certificate filed by him entitled a "Certificate of Timely Filing of Petition for Review"[1] that he "* * * granted the request of attorneys for the Trustee and extended the time for filing the petition for

---

[1] The referee stated as his reason for granting the extension of time to the trustee the fact that the trustee was absent from Erie and "* * * was not expected back before the expiration of ten days from the rendition of the Referee's order."

review and allowed the filing thereof fourteen days after the order allowing the claim in question, although no written application for the extension of time was filed."

General Order in Bankruptcy 37, 11 U.S.C.A. following § 53, as amended January 16, 1939, effective February 13, 1939, provides, "In proceedings under the Act the Rules of Civil Procedure for the District Courts of the United States * * * shall, insofar as they are not inconsistent with the Act or with these general orders, be followed as nearly as may be. * * *" Federal Rules of Civil Procedure, rule 7 (b), 28 U.S.C.A. following section 723c provides, "Motions and Other Papers. (1) An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion. (2) The rules applicable to captions, signing, and other matters of form of pleadings apply to all motions and other papers provided for by these rules." General Order in Bankruptcy 23, 11 U.S.C.A. following § 53, provides that, "In all orders made by a referee, it shall be recited, according as the fact may be, that notice was given and the manner thereof; or that the order was made by consent; or that no adverse interest was represented at the hearing; or that the order was made after hearing adverse interests."

The appellant or his attorney acting for him should have filed a written motion with the referee requesting an extension of time as provided by Section 39, sub. c, of the Bankruptcy Act and in accordance with the provisions of Rule 7(b). If such a motion had been made it would have been the duty of the referee to have made a written order granting the extension in accordance with the terms of Section 39, sub. c, of the Bankruptcy Act and General Order in Bankruptcy 23 if he had concluded in the exercise of his discretion that the motion should be granted. The procedure prescribed by the Federal Rules of Civil Procedure made applicable by the Supreme Court to bankruptcy matters is not an empty formality. It is obvious that if an extension is granted by a referee orally upon an oral motion (unless in the course of a hearing reported by a stenographer)

adverse parties will have no knowledge of the motion or the extension. If no written motion is filed and the referee does not make a formal order it is apparent that within a very brief time neither the adverse parties nor the court will be able to tell what took place. The procedure prescribed by the rules must be followed exactly.

The court below was without jurisdiction to entertain the certificate of review and to pass upon the merits of the controversy. Accordingly, the order of January 28, 1942, is reversed and the cause is remanded, with directions to dismiss the certificate of review for want of jurisdiction.

