**JUSINO et al. v. MORALES & TIO.**

No. 3942.

Circuit Court of Appeals, First Circuit.

Jan. 18, 1944.

---

Luisa Maria Capo, Yamil Galib Frangie, and Gilberto Lopez de Victoria, all of San German, Puerto Rico, for appellants.

Clemente Ruiz Nazario, of San Juan, Puerto Rico, for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

MAGRUDER, Circuit Judge.

Appellants brought their complaint in the court below against their employer for recovery of unpaid minimum wages under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. The defendant, appellee herein, filed a motion to dismiss the action because the complaint failed to state a claim upon which relief could be granted. On February 23, 1943, the motion to dismiss was granted and judgment was entered dismissing the complaint. On March 24, 1943, the plaintiffs filed in the court below a motion, with accompanying brief, praying the court to reconsider and vacate the judgment dismissing the complaint. On April 2, 1943, the court heard argument of counsel on this motion for reconsideration, and on the same day denied the motion. On June 26, 1943, appellants filed their notice of appeal from the judgment of February 23, 1943, dismissing the complaint.

Appellee now moves to dismiss the appeal for lack of jurisdiction, on the ground that such appeal was not taken within the three months' period after the entry of the judgment. 28 U.S.C.A. § 230.

If the court below had by lapse of time lost the power to vacate its judgment of dismissal, the subsequent filing of a motion for reconsideration, and its entertainment by the court, would have been a nullity, and would not have tolled the statutory time within which an appeal could be taken. Appellee contends that such is the case here. It argues that the motion for reconsideration came under Rule 59(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and that it could not be entertained by the court because it was not filed within ten days after the entry of the judgment, and under Rule 6(b) the court was powerless to enlarge the time for filing such a motion.

In the alternative, appellee contends that if the motion for reconsideration does not fall within Rule 59(b) it must be considered as a motion filed under Rule 60(b), and that a motion under Rule 60(b) does not extend the time for taking an appeal. Rule 60(b) relates to motions to relieve a party from a judgment "taken against him through his mistake, inadvertence, surprise, or excusable neglect." The motion for reconsideration here was not of that nature; it was not predicated upon the litigants' mistake or neglect but upon an asserted mistake of law by the court in ruling that the complaint did not state a cause of action. Rule 60(b) has no bearing on this case. See Safeway Stores, Inc., v. Coe, App. D.C.1943, 136 F.2d 771, 773.

On the other hand the argument in support of our jurisdiction is that the Federal Rules of Civil Procedure contain no rule prescribing a time limit within which the court may entertain a motion to reconsider a judgment dismissing a complaint for failure to state a cause of action; that the court below had power to entertain such a motion at least if made within the three months' period within which an appeal could be taken; that in the present case the motion for reconsideration was filed, and entertained by the court, well within the period allowed for taking an appeal, and was evidently regarded by the court as having been timely filed under its practice. From this it would follow, under the decided cases, that the statutory period for taking an appeal did not begin to run until the motion for reconsideration was disposed of, namely, on April 2, 1943. See Pfister v. Northern Illinois Finance Corp., 1942, 317 U.S. 144, 149, note 7, 63 S.Ct. 133, 137, and cases cited in Denholm & McKay Co. v. Com-

missioner, 1 Cir., 1942, 132 F.2d 243, 247. In this view, the notice of appeal, filed June 26, 1943, was timely and gave this court jurisdiction.

The case turns therefore on whether the motion for reconsideration falls within Rule 59(b). On a literal reading, it is not easy to bring such a motion within the rule. Rule 59(a) provides that a new trial may be granted (1) in an action in which there has been a trial by jury and (2) in an action tried without a jury; and Rule 59(b) provides that a motion for a new trial shall be served not later than ten days after the entry of the judgment. The Advisory Committee in its annotations states that Rule 59 "represents an amalgamation of the petition for rehearing of Equity Rule 69 (Petition for Rehearing) and the motion for new trial of U.S.C.A. Title 28, § 391 (New trials; harmless error), made in the light of the experience and provision of the Code states. Compare Calif.Code Civ.Proc. (Deering, 1937) §§ 656–663a." 28 U.S. C.A. § 391 refers only to motions for a new trial after a trial by jury. A motion under Equity Rule 69, 28 U.S.C.A. § 723 Appendix, was equivalent to a motion for a new trial in actions at law and was granted "only upon such grounds as would authorize a new trial in an action at law." Sheeler v. Alexander, D.C.N.D.Ohio 1913, 211 F. 544, 547; 3 Moore's Federal Practice, p. 3247. Section 656 of the California Code of Civil Procedure, above referred to, reads: "A new trial is a re-examination of an issue of fact in the same court after a trial and decision by a jury, court or referee." It might be argued, therefore, that Rule 59 presupposes that there has been a trial on issues of fact. Cf. Riglesberger v. Bailey, 1898, 102 Ky. 608, 44 S.W. 118. In the present case there had been no trial, and hence no occasion for a new trial to correct trial errors, the complaint having been dismissed at the threshold on the ground that it did not state a cause of action. A similar question might arise as to whether Rule 59(b) covers a motion for reconsideration of a summary judgment entered under Rule 56.

In Safeway Stores, Inc., v. Coe, App. D.C.1943, 136 F.2d 771, a judgment had been entered on October 17, 1941, dismissing a complaint on the ground that the action could not proceed in the absence of a necessary party. On November 17, 1941, the plaintiff filed a "motion for rehearing", which was considered and denied on January 17, 1942. The plaintiff filed notice of appeal on February 14, 1942. The court held that the motion for rehearing fell within Rule 59(b); that since it was not filed within ten days after the judgment was entered, the district court had no power to entertain it; that the filing of the motion for rehearing and its entertainment by the court therefore did not enlarge the time for the taking of an appeal; and that the appeal must be dismissed for lack of jurisdiction since it was not taken within three months after the entry of the judgment of October 17, 1941. This case, we think, is indistinguishable from the case at bar, because in each case the complaint had been dismissed upon motion without any trial having been had. A ruling to the same effect was made by Judge Hincks in Nachod & United States Signal Co., Inc., v. Automatic Signal Corp., D.C.Conn.1939, 26 F. Supp. 418. The court in Safeway Stores, Inc., v. Coe was influenced by the consideration that if Rule 59(b) does not apply, then the Federal Rules of Civil Procedure contain no express time limit upon the filing of a motion for reconsideration of a judgment dismissing a complaint on a point of law prior to trial. Prior to the adoption of the new rules there was the general limitation that a court could not "set aside or alter its final judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was begun during that term." United States v. Mayer, 1914, 235 U.S. 55, 67, 35 S.Ct. 16, 19, 59 L.Ed. 129. But that limitation has been removed by Rule 6(c) which provides that the expiration of a term of court in no way affects the power of the court "to do any act or take any proceeding in any civil action which has been pending before it." [1]

It is unlikely that the draftsmen of the new rules could have intended to permit the filing of such a motion as is here involved without limit of time. Though the matter is not free from doubt, we feel constrained to follow the rulings in the cases above cited, and to hold that the motion for reconsideration in the case at bar was within the spirit and intendment of Rule 59(b). This interpretation, we

---

[1] The critical dates in the present case in fact all occurred within the November 1942 term of the District Court. 48 U. S.C.A. § 864.

think, is justified by the general admonition of Rule 1 that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action."

The appeal is dismissed for lack of jurisdiction.