NEFTALÍ VIDAL GARRASTAZU, demandante y apelado, *v.* JUAN A. MONAGAS y OTROS, demandados y apelantes.

Núm. 9240.—*Sometido:* Febrero 4, 1947. *Resuelto:* Febrero 10, 1947.

*José Sabater* y *J. Benítez Gautier,* abogados de los apelantes; *J. Alemañy Sosa,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

En el presente caso este Tribunal dictó sentencia final el 12 de noviembre de 1946 y fué notificada el 13 del mismo mes. Cinco días después los apelantes radicaron una moción interesando la retención del mandato y que se les concediera un término para radicar moción de reconsideración. Tres días después (noviembre 21) este Tribunal ordenó la retención del mandato y concedió a los demandados hasta el 10 de diciembre de 1946 para radicar moción de reconsideración, lo cual hicieron el 9 de diciembre de 1946. La moción de reconsideración está siendo considerada (*entertained*) por este Tribunal, pero dado lo voluminoso de la moción y la naturaleza de las cuestiones suscitadas, no ha sido aún resuelta.

Solicitan ahora los demandados que dejemos sin efecto nuestra sentencia de 12 de noviembre de 1946 hasta tanto se resuelva su moción de reconsideración porque creen que la radicación de dicha moción no suspende el término para apelar, el cual está próximo a vencer. Invocan nuestra resolución de 26 de julio de 1946 que dejó sin efecto la sentencia en el caso de *Mercado* v. *Mercado,* 66 D.P.R. 38, hasta tanto se resolvían las mociones de reconsideración presentadas en aquel caso. Citaron también el caso de *Jusino* v. *Morales & Tió,* 139 F.2d 946.

Desde que se resolvió el caso de *Fernández et al.* v. *Carrasquillo,* 146 F.2d 204, quedó establecido en esta jurisdicción que radicada oportunamente en este Tribunal una moción para reconsiderar, se suspende el término para ape-

lar para ante la Corte de Circuito de Apelaciones hasta que dicha moción sea resuelta. Resuelve también ese caso que el significado de "entertainment", cuando de una apelación de este Tribunal a la Corte de Circuito de Apelaciones se trata, no es el mismo que dicha palabra tiene cuando se usa en el art. 292 del Código de Enjuiciamiento Civil, según fué enmendado por la Ley núm. 67 de 8 de mayo de 1937 (pág. 199).

Una moción de reconsideración radicada oportunamente como lo fué la del presente caso, suspende el término para apelar para ante la Corte de Circuito de Apelaciones, aunque esta corte no cite a las partes para ser oídas y deniegue de plano la moción sin escribir opinión.

Nuestra resolución de 26 de julio de 1946 dictada en el caso de *Mercado* v. *Mercado,* supra, no es de aplicación. Allí se trataba de una sentencia aparentemente divisible y habiendo solicitado una de las partes que se suspendiese el efecto de dicha sentencia en su totalidad hasta que se resolviese la moción de reconsideración, se dejó sin efecto la sentencia.

Tampoco es de aplicación el caso de *Jusino* v. *Morales,* supra. Este caso procedía de la Corte de Distrito de los Estados Unidos para Puerto Rico y la cuestión en controversia era si la moción para reconsiderar se había radicado oportunamente (*timely*). Habiendo la Corte de Circuito de Apelaciones llegado a la conclusión de que dicha moción fué radicada fuera de término se resolvió que su radicación no había suspendido el término para apelar.

No siendo necesario en el presente caso dejar sin efecto la sentencia, toda vez que sus efectos han quedado en suspenso por ministerio de la ley a virtud de la moción de reconsideración oportunamente radicada, *no ha lugar a la moción de los demandados para que se deje sin efecto dicha sentencia.*

El Juez Asociado Sr. Snyder no intervino.