**BORO HALL CORPORATION v. GENERAL MOTORS CORPORATION et al.**

Civil Action No. 5592.

District Court, E. D. New York.

March 19, 1947.

For former opinion, see 68 F.Supp. 589.

Harry J. McDermott, of Brooklyn, for plaintiff.

John Thomas Smith, of New York City (Edward B. Wallace and Gordon H. Brown, both of New York City, of counsel), for defendants.

BYERS, District Judge.

For all purposes this motion is deemed to have been submitted on February 13, 1947, although the papers were actually received on submission on March 12th.

The notice states that the plaintiff moves for reargument of a motion for summary judgment on behalf of defendants which was decided November 1, 1946, D.C., 68 F.Supp. 589, as embodied in an order dated November 12, 1946.

Judgment to that effect was granted December 9, 1946.

Also this motion is to vacate that judgment, and for an order denying the motion, and for leave to amend the complaint.

It is obvious that the judgment must be vacated if the plaintiff is to have any relief, and since what is sought is a rehearing under Federal Rules of Civil Procedure, rule 59(a), 28 U.S.C.A. following section 723c, the last day upon which it could have been filed was December 19, 1946, some 56 days before the filing date.

For reasons discussed in Safeway Stores, Inc., v. Coe, May 1943, 78 U.S.App.D.C. 19, 136 F.2d 771, 148 A.L.R. 782, and Jusino et al. v. Morales & Tio, 1 Cir., Jan., 1944, 139 F.2d 946, the motion is not timely and the Court is without jurisdiction to entertain it.

The amendments to the Rules as adopted by the Supreme Court on December 27, 1946, made no change in 59(a), nor does the Report of the Advisory Committee (June, 1946), 5 F.R.D. 433, at page 437 et. seq., contain a note to the effect that either of the foregoing decisions called for alteration in that rule.

While the motion is dismissed upon the ground indicated, it may be proper to add that the lengthy affidavit and the brief filed in behalf of the motion have been examined with care, and if a disposition were appropriate upon the merits, the motion would be denied for the reason (to adopt the language of Judge Hincks in Nachod & United States Signal Co., Inc., et al. v. Automatic Signal Corporation et al., D.C., 26 F.Supp. 418) that I must "relegate (the plaintiff) to their (its) right of appeal".

Settle order dismissing motion for lack of power to entertain.