**CREEDON v. SMITH et al.**

**Clv. Nos. 24739, 24865, 24867, 24871, 24891.**

District Court, N. D. Ohio, E. D.

April 30, 1948.

Paul Marshall, of Cleveland, Ohio, for plaintiff.

David L. Kabaker, of Cleveland, Ohio, for defendant Sarah Smith.

Everett M. Tyler, of Cleveland, Ohio, for defendant Barto Fokes.

Carl Rabnick, of Cleveland, Ohio, for defendant Sobony.

M. S. Farmer, of Cleveland, Ohio, for defendant Lincoln.

H. I. Gardner, of Warren, Ohio, for defendant Kling.

JONES, District Judge.

Motions for the reconsideration and modification of judgment or, in the alternative, to extend the time for filing a notice of appeal have been filed by the plaintiff in five cases and may be considered and decided together since they present a common problem.

In each of these cases the court decided motions for summary judgment and held that the one year statute of limitations began to run from the date of the payment of the overcharge. Subsequently, on March 15, 1948, the Supreme Court of the United States in the case of Woods v. Stone, 333 U.S. 472, 68 S.Ct. 624, held that the statute began to run from the date that a duty to refund was breached.

Plaintiff's motions for reconsideration and modification of judgment do not state the Civil Rule upon which the plaintiff relies. The motions were not filed within the time limits of Rule 59, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, nor is, I think, the relief sought covered by Rule 60.

The authority of the court to enlarge the periods of time for certain filings has been denied by Rule 6(b). This was apparently done for the purpose of, at some determinable time, terminating the power of the court over its judgments thus making them final. The change in the law of the case presents no excuse to reopen a judgment which is final. This is certainly true if the court, by operation of law, has been divested of jurisdiction over its judgment. Safeway Stores Inc. v. Coe, 78 U.S.App.D.C. 19, 136 F.2d 771, 148

A.L.R. 782 and Lehman Co. of America Inc. v. Appleton Toy & Furniture Co., 7 Cir., 148 F.2d 988, and Phelan v. Bradbury Bldg. Corp., D.C.N.Y.1947, 7 F.R.D. 429.

The motions to reconsider and modify the judgments heretofore entered are, therefore, denied

■ The motions to extend the time for appeal will be denied. Rule 73(a) provides for an extension only under the exception contained in the Rule. Plaintiff makes no claim of failure to learn of the entry of judgment and, in fact, the plaintiff was notified of the judgment when entered.