UNITED STATES of America

v.

385.93 ACRES OF LAND, MORE OR LESS, SITUATED IN THE CITY OF PORTSMOUTH AND THE TOWN OF NEWINGTON, ROCKINGHAM COUNTY, STATE OF NEW HAMPSHIRE, and Patrick J. Coakley, et al.

Civ. A. No. 1193.

United States District Court
D. New Hampshire.

Dec. 2, 1954.

William Maynard, Asst. U. S. Atty., Plymouth, N. H., for plaintiff.

Burns, Calderwood & Bryant, Donald R. Bryant, Dover, N. H., for Portsmouth Country Club.

CONNOR, District Judge.

This action came on to be heard on motion of the plaintiff to determine all questions of title to Tract No. A–132, in said action. The Portsmouth Country Club, one of the defendants, in answer alleged that it held title in fee. Advising the court that it was content to rest upon the pleadings, it did not appear at the hearing.

The plaintiff offered the only evidence, which was an abstract of title to the tract. Findings of fact were made to the effect that title in fee simple was in Roland J. Paquette and Madeline G. Paquette, and on August 4, 1954, a decree of title was entered. An order for payment of just compensation was entered on August 5. Thereafter, on August 28, the said Portsmouth Country Club filed a motion "that the court reconsider" the findings of fact and decree, and grant it opportunity to appear and be heard thereon.

The motion is novel, and I am unaware of any procedure which would authorize its filing, much less its consideration. The proceedings herein involved were in the nature of a trial by a court sitting in equity, and at most it can be treated as a motion for a new trial. Thus it falls within the purview of Rule 59 of the Federal Rules of Civil Procedure, 28 U.S.C.A., and the time limitation fixed by Section (b) therein was not met. Moreover, Rule 6(b), F.R. C.P., deprives the court of the power to enlarge the time for filing such motion. Both rules are supportive of the long-standing policy that objections to judgments must be promptly asserted. A sufficient reason for this requirement is the likely change of the respective positions of the parties which naturally results following entry of judgment. If it is to be assumed that the proceedings were not a trial, the motion "to reconsider" would still be subject to the mandatory terms of Rule 59(b). Jusino v. Morales & Tio, 1 Cir., 1944, 139 F.2d 946; Safety Stores, Inc. v. Coe, 1943, 78 U.S.App.D.C. 19, 136 F.2d 771, 148 A.L.R. 782; Boro Hall Corp. v. General Motors Corp., D.C.E.N.Y.1947, 6 F.R.D. 539.

It follows that this motion must be and it hereby is denied.