**Burton R. RAUGHLEY, Appellant,**

v.

**PENNSYLVANIA RAILROAD COMPANY.**

**No. 11644.**

United States Court of Appeals Third Circuit.

Argued Nov. 1, 1955.

Decided Feb. 7, 1956.

Rehearing Denied March 6, 1956.

Kalodner, Circuit Judge, dissented.

---

G. Fred DiBona, Philadelphia, Pa. (James F. Masterson, Philadelphia, Pa., on the brief), for appellant.

Theodore Voorhees, Philadelphia, Pa., for appellee.

Before GOODRICH, KALODNER and STALEY, Circuit Judges.

GOODRICH, Circuit Judge.

In this case the appellee has moved to dismiss the appellant's appeal, alleging it not to be timely brought. The case takes us to an examination and application of the Rules of Civil Procedure, 28 U.S.C., having to do with the regulations of timeliness for appeal.

Specifically to present the problem the docket entries are herewith set out:

"Dec. 10, 1954. Opinion, Kirkpatrick, Ch. J. granting judgment in favor of defendant, filed.

"Dec. 10, 1954. Judgment in favor of defendant with costs, filed. 12/13/54 Noted and Notice Mailed.

"Jan. 4, 1955. Plaintiff's Petition for Reargument and Order of Court allowing same filed. (Noted and Notice mailed 1/5/55.)

"Feb. 28, 1955. Argued sur Petition for Reargument on motion for judgment on the pleadings.

"May 12, 1955. Opinion, Kirkpatrick, Ch. J., sur reargument filed.

"May 16, 1955. Order of Court denying motion for reargument, filed. 5/17/55. Noted and Notice Mailed.

"May 16, 1955. Plaintiff's notice of appeal, filed."

A casual inspection of these entries shows that the original judgment was granted December 10th and the notice of appeal was filed the following May 16th. Can the appellant bring his case within

any of the provisions which extend the ordinary time for taking an appeal?

We start with rule 73 as amended in 1946 and 1948. Rule 73(a) lays down the general rule that the appeal must be taken within thirty days from the entry of the judgment appealed from. Then follow certain exceptions not applicable here. Following these is certain language which had better be quoted.

> " * * * The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: granting or denying a motion for judgment under Rule 50(b); or granting or denying a motion under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; or granting or denying a motion under Rule 59 to alter or amend the judgment; or denying a motion for a new trial under Rule 59. * * * "

The reference to the other rules takes us, of course, to those rules. Rule 50(b) has to do with motions for judgment n.o.v. Rule 52(b) has to do with amendment of findings of fact; rule 59, motions for new trial or to alter or amend the judgment.

■ The running of the time for appeal is terminated if timely motions under any one of these rules are made.[1] But each one of these rules provides that the motion, to be timely, must be made within ten days after (1) the receipt of

the verdict or the discharge of the jury under rule 50(b) or (2) the entry of the judgment under the other rules.

Now is there any way in which such a motion, even though not timely made, can still have the effect of tolling the period for appeal? Specifically did the court below produce such an effect by entertaining and ruling (on May 12) on appellant's motion of January fourth? We turn to rule 6(b) as amended in 1946. This we shall have to quote:

> "(b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under rules 25, 50(b), 52(b), 59(b), (d) and (e), 60(b), and 73(a) and (g), except to the extent and under the conditions stated in them."

■ It will be noted that the last clause prohibits a court from extending the time for appeal under rule 73(a), "except to the extent and under the conditions stated in [it]." Rule 73(a) does not specifically authorize a court to extend this time by entertaining and ruling on an untimely motion. We think that it cannot so do. The same clause in rule 6(b) prevents a court from extending the time for making those mo-

---

1. It will be noted that not all post judgment motions are enumerated in 73(a). No mention is made of motions under 60(a) for the correction of clerical mistakes or under 60(b) for relief from judgment because of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, etc. The conclusion which reasonably follows from the omission of 60(a) and 60(b) is that motions under these rules do not affect the running of the time for appeal. Rule 60(b) expressly provides that a motion under that section "does not affect the finality of a judgment or suspend its operation. * * * " See 7 Moore, Federal Practice ¶ 60.29 at p. 331 (2nd ed. 1955).

tions which under 73(a) toll the time for appeal. Thus it seems apparent that 6 (b) renders a court powerless to entertain such motions when untimely made.[2] The action of the trial court here in regard to the motion of January fourth must therefore be considered as a nullity.

The appellant has cited us quite a number of cases tending to show a possibility of a freer time limit than the above discussion would seem to indicate. Some of these cases are in bankruptcy. In bankruptcy a special rule prevails because a bankruptcy court has no terms. The bankruptcy cases are not relevant in a case like this.[3]

The other decisions, and there are some, were before the 1946 amendment to rules 6(b) and 73(a). Prior to the 1946 amendment there had been some confusion and a split in authority. What may be called the leading case against the enlargement of time where the rules have not been complied with is Safeway Stores, Inc., v. Coe, 1943, 78 U.S.App.D.C. 19, 136 F.2d 771, 148 A.L. R. 782. The opinion by Chief Judge Groner is a thorough discussion of the problem. There is little to add to it. The conclusion there reached, prior to the 1946 amendment, is sustained by adequate authority[4] although as said above the decisions were not in complete accord.

The purpose of the 1946 amendment, according to the notes of the advisory committee, was to clear up the conflict of authority and to follow the rule of the Safeway Stores case above cited.[5] These rules, especially in the light of what the advisory committee said about the purpose of the amendments, seem clearly to settle this case in favor of the appellee's motion except for one point.

That point has to do with what happened in the chambers of the trial judge on December 20th or 21st, 1954. Counsel for the appellant says he dropped in

2. Such an effect is precisely what the Committee desired.
"* * * Under the proposed amendment to rule 6(b) the court may not enlarge the time for taking action under rules 50(b), 52(b), 59(b), (d) and (e), and 60(b); and the time periods of these rules limit the court's power just as effectively as the term time, which they replace, formerly did. See Moore and Rogers, Federal Relief from Civil Judgments, 1946, 55 Yale L.J. 623, 627-630, 685-693." 7 Moore, Federal Practice ¶ 73.01[5] at p. 3113 (2nd ed. 1955); 3-A Ohlinger, Federal Practice 614 (rev. ed. 1948); 1946, 5 F.R.D. 487. See also notes 4 and 5 infra.

3. See Committee note of 1946 to amended rule 73(a), quoted in 7 Moore, Federal Practice ¶ 73.01[5] at p. 3112 (2nd ed. 1955); 3-A Ohlinger, Federal Practice 613 (rev. ed. 1948); 1946, 5 F.R.D. 486. See also, Safeway Stores, Inc., v. Coe, 1943, 78 U.S.App.D.C. 19, 136 F.2d 771, 774, 148 A.L.R. 782. Every case cited by appellant is specifically mentioned in the committee note. Some involve bankruptcy proceedings; the others have been made obsolete by the 1946 amendment.

4. See Jusino v. Morales & Tio, 1 Cir., 1944, 139 F.2d 946; Boro Hall Corp. v. General Motors Corp., D.C.E.D.N.Y. 1947, 6 F.R.D. 539.

5. The relevant portion of the Committee notes reads as follows:
"* * * In ordinary civil actions governed by the Federal Rules of Civil Procedure, however, the better view is that when the time limits prescribed in the rules expire, the court loses its jurisdiction to entertain a motion, as for new trial or for a rehearing or to vacate or amend, as the case may be, and cannot thereafter entertain such a motion and thereby start the appeal time running anew. Safeway Stores, Inc., v. Coe, 1943 [78 U.S.App.D.C. 19] 136 F.2d 771 [148 A.L.R. 782]. * * *" 7 Moore, Federal Practice ¶ 73.01[5] at p. 3112 (2nd ed. 1955); 3-A Ohlinger, Federal Practice 613 (rev. ed. 1948); 1946, 5 F.R.D. 486. The Safeway approach has been consistently adopted in cases arising after the 1946 amendment. Slater v. Peyser, 1952, 91 U.S.App.D.C. 314, 200 F.2d 360; Virginia Land Co. v. Miami Shipbuilding Corp., 5 Cir., 1953, 201 F.2d 506; Fine v. Paramount Pictures, 7 Cir., 1950, 181 F.2d 300; William Goldman Theatres v. Loew's, Inc., D.C.E.D.Pa.1949, 83 F.Supp. 455; Greenwood v. Greenwood, D.C.E.D.Pa.1954, 16 F.R.D. 366; United States v. 385.93 Acres of Land, etc., D.C. D.N.H.1954, 16 F.R.D. 557; Creedon v. Smith, D.C.N.D.Ohio 1948, 8 F.R.D. 162.

to see the trial judge to call his attention to the fact that, in counsel's opinion, the decision had been rendered against him on a ground not argued or briefed by either party. He requested the court, he says, to permit a reargument so that the question could be presented. At the judge's request, the narrative runs, counsel left a memorandum of his authorities with the judge's secretary for examination. On January 3, 1955, counsel was informed by the court that the reargument would be allowed and it was, as the docket entries show.

Now the question is whether this informal visit to the judge's chambers will constitute a motion under any one of the rules above mentioned so as to comply with the requirement of timeliness. We have no record whatever; all the statements above made were given us by counsel upon the argument of the motion to dismiss. Counsel is a member of the bar of this Court in good standing and we have no reason to think that he is not giving us frankly the best of his recollection concerning the matter. It will be noted, however, that his opponent was not present at the conference. No notice was given to his opponent, so far as we know. No written motion was presented to the judge. No order was made by the judge concerning the submission of the memorandum. Nothing came out of the matter until the order for reargument made in January.

Rule 7(b) (of the Rules of Civil Procedure) is pretty explicit on the point and reads as follows:

"(1) An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion."

██ The purpose of the rule is, of course, to give a simple and elastic procedure without too much emphasis on form. There also appears in the rules already discussed an emphasis upon the element of promptness, with a desirable view in mind of keeping litigation moving instead of letting it drag. In the conduct of any organization which has many things to do, some form of system is required lest everything become so botched that the business cannot be done. This applies to the running of an army, a mercantile establishment or a court. We think rule 7(b) (1) is to be taken as meaning what it says. That being so, an informal request to a judge with no notice to an opposing party and no order by the judge following the request cannot be considered as a motion under the other rules. A similar position was taken by this Court in In re J. & M. Doyle Co., 3 Cir., 1942, 130 F.2d 340.[6]

██ Our conclusion is that the appeal came too late and the appellee's motion to dismiss must be granted.

KALODNER, Circuit Judge (dissenting).

In order to arrive at the disposition which it made the majority had to make these two separate rulings:

First—Since judgment on the appellee's motion for summary judgment was granted December 10, 1954, the District Court's January 5, 1955 Order entered pursuant to appellant's motion for reconsideration filed that day, was a "nullity" because "(Rule) 6(b) renders a

---

6. Cf. Fine v. Paramount Pictures, 7 Cir., 1950, 181 F.2d 300, 303. "The trial court did not have jurisdiction to hear and pass on reasons for a new trial which were not assigned and served on the defendants within ten days after the entry of the judgment. * * *" It will be noted that rule 5(a) provides that "every written motion other than one which may be heard ex parte, and every written notice * * * shall be served upon each of the parties affected thereby * * *."

court powerless to entertain such motions when untimely made".

Second—"no written motion" was presented to the District Court on December 20th or December 21st by appellant's counsel when he made oral request for reconsideration as required by Rule 7(b)(1).

A brief statement of certain critical facts is essential in order to bring into sharper focus the issues presented.

The appellee filed a motion for summary judgment on the pleadings under Rule 12(c) alleging that the appellant's cause of action was barred by a state statute of limitations. Following argument the District Court filed an opinion on December 10, 1954, sustaining appellee's motion. The docket entries disclose that judgment for the appellee, pursuant to the District Court's opinion, was "Noted and Notice Mailed" on December 13, 1954, making that day the date of judgment and not December 10th as stated by the majority. Within ten days, on December 20th or December 21st, counsel for the appellant visited the District Court and made oral request for reargument and submitted in support of that request a "written" memorandum of authorities. The District Court took the request under advisement. On January 3, 1955 it advised appellant's counsel that it would grant reargument and the next day, January 4th, entered a written Order allowing reargument pursuant to a written motion filed at the time.

Proceeding now to the majority's disposition.

Taking first its ruling that the January 4th Order granting reargument on the appellee's motion for summary judgment was a "nullity" under Rule 6(b):

The crux of that ruling is that under the Rules the motion for reargument in the instant case had to be filed within ten days of judgment—accordingly the motion of January 4th was "untimely" because it was filed more than ten days

after the judgment of December 13, 1954, and therefore the District Court was "powerless" to entertain it.

I do not agree with the majority's application of the ten-day filing limit to a motion for reargument such as was made here.

As authority for my view I rely on our recent decision, filed December 29, 1955, in Kelly v. Pennsylvania Railroad Company, 3 Cir., 228 F.2d 727. In that case we stated:

" * * * we have no doubt of the power of a district court, after denying or dismissing a motion for a new trial, to entertain an application for reargument of the motion and thereupon to reinstate the motion and order it to be reargued. Moreover such action, if taken more than 10 days after the entry of judgment, does not violate the prohibition of Rule 6(b) against extending the time fixed by Rule 59(b) for serving a motion for a new trial. For an application for reargument of a prior motion for a new trial is not to be regarded as itself a motion for a new trial or even as a renewal of such a motion. It is simply a request that the court reconsider its action upon the original motion. If the reargument is granted the original motion is heard anew upon the original papers just as if it had never previously been heard or determined." [1]

Applying the principles above stated it is clear that the majority erred in dismissing the instant appeal since within 30 days of the judgment of December 13, 1954, the District Court, pursuant to the appellant's written motion of January 4, 1955, on that day entered its Order granting reargument. That Order operated to terminate the running of the time for appeal from December 13, 1954 and instead made the appeal time commence to run from May 16, 1955,

---

1. We made it clear however, in the case cited, that any action taken by the District Court had to be within 30 days of the judgment originally entered under the provisions of Rule 73(a).

when the District Court filed its subsequent Order "denying motion for reargument." Since the notice of appeal was filed on May 16, 1955, immediately following the entry of this second Order, the instant appeal was, of course, timely filed.

In view of the foregoing no extended discussion is necessary of the majority's ruling that the appeal must be dismissed because the appellant failed to present a "written motion" to the District Court on December 20th or 21st, as required by Rule 7(b) (1).

Implicit in the majority's ruling is its view that the District Court could not in the exercise of its discretion treat the "written" memorandum of authorities given to it in support of the oral motion for reargument as a sufficient compliance with the provisions of Rule 7(b) (1).

I think that it is a fair inference that the District Court regarded the appellant's memorandum as a sufficient compliance with the "writing" requirement of Rule 7, and I further believe that it had the discretion to do so and that the discretion was properly exercised.

In this connection it is pertinent to note that the Rules do not specifically deal with the subject of reconsideration of summary judgments under Rule 12 (c). That being so there is every reason why appellate courts should refrain from calling into play "unwritten" Rules which would operate to deprive a district court of its inherent discretion to reconsider, when the ends of justice and efficient judicial administration so require, summary judgments of the kind here involved.

For the reasons stated I would deny the motion to dismiss the instant appeal.