Anne Livingston BEHR, Appellant,

v.

MINE SAFETY APPLIANCES COM-PANY, a corporation of the State of Pennsylvania, Carbon Monoxide Eliminator Corporation, a corporation of the State of Delaware; Catalyst Research Corporation, a corporation of the State of Maryland; George H. Deike; William P. Yant; John F. Beggy; John T. Ryan, Jr.; W. Denning Stewart; Potter Bank & Trust Co., Executor of the Estate of Howard Zacharias, Deceased; and John T. Ryan, Jr., and John F. Beggy, Administrators of the Estate of John T. Ryan, Deceased; and Joseph H. Hirshhorn.

No. 11878.

United States Court of Appeals Third Circuit.

Argued April 16, 1956.

Decided May 18, 1956.

Rehearing Denied June 19, 1956.

Paul Ginsburg, Pittsburgh, Pa., for appellant.

Sherman T. Rock, Pittsburgh, Pa., for Joseph H. Hirshhorn.

Paul E. Hutchinson, Pittsburgh, Pa., for all appellees except Hirshhorn.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

GOODRICH, Circuit Judge.

From a judgment of dismissal entered by the trial judge in the Western District of Pennsylvania the plaintiff appeals. The defendants now move to dismiss the appeal on the ground that it was not timely taken, that the timeliness of

the appeal is jurisdictional and that the Court has no power therefore to proceed further in the case. Fed.Rules Civ.Proc. rule 73(a), 28 U.S.C.; Raughley v. Pennsylvania Railroad, 3 Cir., 1956, 230 F.2d 387; 7 Moore, Federal Practice ¶ 73.09 [6] (2d ed.1955).

There are several defendants. All of them are involved in the same set of facts except defendant Hirshhorn. This defendant was never served in Pennsylvania and upon motion it was ordered November 16, 1955, that the complaint as to Hirshhorn be dismissed on the ground that the court lacked jurisdiction over his person. The appeal from this dismissal was noted February 16, 1956. Unless there is something involved in the point plaintiff makes about the alleged disqualification of the judge for prejudice, the appeal from the dismissal of Hirshhorn is obviously untimely and requires no more discussion.

On this same November 16, 1955, the attorney for the plaintiff filed a petition to all the judges of the Western District of Pennsylvania to disqualify the Honorable Rabe F. Marsh, Jr. as trial judge. The list of docket entries does not show the time of day when this petition was filed, but since it comes later in the list of docket entries than the order dismissing Hirshhorn, we conclude that it was filed later than that order.[1]

On November 21 Chief Judge Gourley of the Western District of Pennsylvania filed an order refusing the petition to disqualify Judge Marsh and assigned the matter to him for disposition. Two days later Judge Marsh denied the petition to disqualify. On December 1 plaintiff, again seeking to have Judge Marsh disqualified, filed an affidavit of prejudice, 28 U.S.C. § 144 (1952). On December 7 plaintiff made a motion to Chief Judge Gourley to have the case assigned to another judge than Judge Marsh.

On December 10th defendants other than Hirshhorn filed a motion to dismiss on the ground that the plaintiff had failed to comply with certain orders of the court. This motion was answered by the plaintiff on December 14th. On January 3, 1956, Judge Marsh, after striking plaintiff's affidavit of prejudice from the record, granted the defendants' motion and dismissed the complaint.[2] Following this Chief Judge Gourley, on January 13, 1956, denied the motion to reassign the proceeding to another judge than Judge Marsh. On January 25th the plaintiff moved for reconsideration of adverse orders. On January 26th the motion was denied. The appeal was taken February 16th.

It will be noted, in this welter of dates, that the order dismissing the cause by Judge Marsh on January 3rd and the notice of appeal on February 16th (both 1956) are farther apart than the statutory time permitted. It will also be noticed that the motion as to Hirshhorn was acted upon prior to the several petitions to disqualify Judge Marsh.

It will also be noticed that Judge Marsh ruled on plaintiff's affidavit before he dismissed the complaint as to the defendants other than Hirshhorn. The plaintiff has cited us a good deal of authority which he says establishes the proposition that when an affidavit of prejudice is filed a judge's power to proceed with the case is ended. We do not need to go into all of the ramifications of this question. Suffice it to say that the mere filing of the affidavit does not automatically disqualify the judge. He has authority to decide whether the claim of bias is legally sufficient.[3] And having

---

1. Rule 79(a) of the Federal Rules of Civil Procedure provides that "All papers filed with the clerk, all process issued and returns made thereon, all appearances, orders, verdicts, and judgments shall be noted *chronologically* in the civil docket on the folio assigned to the action * *." (Emphasis supplied.)

2. Again the order of the docket entries indicates the order in which these actions were taken. See note 1, supra.

3. Price v. Johnston, 9 Cir., 1942, 125 F.2d 806, 811, certiorari denied 1942, 316 U.S. 677, 62 S.Ct. 1106, 86 L.Ed. 1750; Eisler v. United States, 1948, 83 U.S.App.D.C. 315, 170 F.2d 273, 278, writ of certiorari

disposed of this claim, he is free to act in the case.[4]

■ There was, as outlined above, a motion for reconsideration of adverse orders filed January 25, 1956. Plaintiff argues that this motion for reconsideration tolls the time for appeal and that therefore the time did not start until January 26, 1956. If that is so, obviously a notice of appeal filed on February 16th is in plenty of time. But this question was settled against the plaintiff in our recent decision in Raughley v. Pennsylvania Railroad, 3 Cir., 1956, 230 F.2d 387. The difference in opinion among the members of the Court with regard to the necessity of a writing has nothing to do with the application of that decision to this situation. The case is in point. It settles the question adversely to the plaintiff. This conclusion makes it unnecessary to deal with a motion filed by the plaintiff to "limit the contents of the appendix and so forth."

The motion to dismiss the appeal as to all defendants will be granted.

**KIRBY LUMBER CORPORATION**
et al., Appellants,
v.
**Mrs. Mollie KARPEL et al., Appellees.**
No. 15797.

United States Court of Appeals
Fifth Circuit.

May 15, 1956.

dismissed, 1949, 338 U.S. 883, 70 S.Ct. 181, 94 L.Ed. 542; Taylor v. United States, 9 Cir., 1950, 179 F.2d 640, 644; United States v. Valenti, D.C.D.N.J. 1954, 120 F.Supp. 80, 83.

4. Eisler v. United States, 1948, 83 U.S. App.D.C. 315, 170 F.2d 273, 278, writ of certiorari dismissed, 1949, 338 U.S. 883, 70 S.Ct. 181, 94 L.Ed. 542; United States v. Gilbert, D.C.S.D.Ohio 1939, 29 F.Supp. 507, 509; Fieldcrest Dairies v. City of Chicago, D.C.N.D.Ill.1939, 27 F.Supp. 258, 259; United States v. Valenti, D.C. D.N.J.1954, 120 F.Supp. 80, 84. Judge

Tom Reavley, Jasper, Tex., Wm. Brantly Harris, Houston, Tex., Fisher & Reavley, Jasper, Tex., for Allen A. Few et al., appellants.

B. L. Collins, Lufkin, Tex., Fountain, Cox & Gaines, Houston, Tex., for George Lanier and Kirby Lumber Corp., appellants.

Before BORAH, TUTTLE and JONES, Circuit Judges.

Marsh did not have to wait for a formal ruling on the motion of December 7 to assign another judge. This motion was premised on the fallacious theory that the mere filing of the affidavit removed him from the case.