Stanley **MUHS**, Clarence Vorse, Manuel Burk, Sophia Zaborniak, Theodore Stine, Joseph Guagliardo, John Tracey, Joseph Bystrzycki, Sr., and Frank Muscato, Plaintiffs-Appellants,

v.

**ACME–HAMILTON MANUFACTURING COMPANY**, International Union of United Rubber, Cork, Linoleum & Plastic Workers of America, Local 95 U R C L & P Workers of America, Local 206 U R C L & P Workers of America, Defendants.

No. 14435.

United States Court of Appeals Third Circuit.

Heard May 6, 1963.

Decided July 11, 1963.

Theodore G. Fitzgeorge, Trenton, N. J., for appellants.

John W. Devine, Trenton, N. J., for appellee Acme-Hamilton Mfg. Co.

Samuel L. Rothbard, Newark, N. J., for appellees International Union and Local 95.

Before McLAUGHLIN and FORMAN, Circuit Judges, and COOLAHAN, District Judge.

ORDER.

On December 6, 1962 the district judge, finding that the necessary diversity of citizenship was lacking between the parties to this litigation, dismissed this suit for lack of jurisdiction. On January 3, 1963 plaintiffs filed a notice of motion for relief under F.R.Civ.P. 60(b) (5) from the order dismissing the complaint. On March 20, 1963 that motion was dismissed for lack of prosecution.[1] On the same day a notice of appeal was filed " * * * from that part of an Order dismissing plaintiffs' complaint in the United States District Court for the District of New Jersey on the ground that the court lacked jurisdiction in the instant case, entered in this action on December 6, 1962." Plaintiffs also urge in their answering memorandum to this motion that their " * * * Notice of Appeal as filed, cover[s] both the main case and also the Court's decision, refusing to vacate the Order of December 6, 1962."

Appellee Acme-Hamilton Manufacturing Company has moved to dismiss said appeal as untimely.

Appellants urge that their motion of January 3, 1963 tolled the thirty day period in which an appeal may be taken under F.R.C.P. 73. That motion was specifically brought under F.R.C.P. 60(b) (5). Rule 60(b) provides that "A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation." The Advisor's Notes on this particular point read "Application to the court under this subdivision does not extend the time for taking an appeal, as distinguished from the motion for new trial * * *." See Raughley v. Pennsylvania R. Co., 230 F.2d 387, 389 F.N. 1 (3 Cir. 1956).

Appellee concedes that plaintiffs could have appealed from the March 20 order

---

1. Because the name of counsel appearing for the plaintiffs had been erroneously stated in the order of March 20, 1963, that order was vacated on March 22, 1963 and a new order identical with that of the 20th, with the exception of the name of the attorney appearing for the plaintiffs, signed and filed on that date.

under Sleek v. J. C. Penney Company, 292 F.2d 256 (3 Cir. 1961). The difficulty here arises from the fact that the appeal was not taken from that order but solely and specifically " * * * from that part of an Order dismissing plaintiffs complaint * * * on the ground that the court lacked jurisdiction * *." The order of March 20 dismissed plaintiffs' motion for lack of prosecution. Plainly there was no appeal whatsoever from that order.

This appeal is hereby dismissed.