Gerald ALGER and Frelove Alger, Appellees,

v.

Larry HAYES, Appellant.

No. 71-1320.

United States Court of Appeals, Eighth Circuit.

Jan. 5, 1972.

Peterson & Holtze, Theodore N. Treat, Jr., Minneapolis, Minn., for appellant.

Ronald Schumeister, Minneapolis, Minn., for appellees.

Before LAY, HEANEY and STE-PHENSON, Circuit Judges.

LAY, Circuit Judge.

This is an appeal from a jury verdict rendered in a personal injury case. The two issues raised on appeal relate to the personal jurisdiction over the defendant and his objection to the court's comments. We affirm.

██ Defendant, Larry Hayes, is a sergeant in the United States Air Force. While stationed in California on April 30, 1969, he was involved in an auto accident with plaintiffs near Barstow, California. At the time of the accident plaintiffs were citizens of the State of Minnesota. Suit was thereafter filed by plaintiffs in the United States District Court of Minnesota. On June 6, 1969, summons was served on the defendant in Brooklyn, New York, by a United States Marshal for the Eastern District of New York. There is no dispute that this manner of service on a nonresident of Minnesota was improper. Service of process (other than a subpoena) is limited to the territorial boundaries of the state in which the district court is located. Rule 4, Fed.R. Civ.P. Lack of ju-

risdiction over the person, however, is a personal defense which may be waived if not timely asserted or properly preserved thereafter. It is plaintiffs' contention that (1) the defendant did not timely object to the lack of jurisdiction over his person and (2) if he did, his conduct thereafter constituted a waiver of this jurisdictional defense.

Defendant filed a late answer and asserted among other defenses that the court "lacks jurisdiction and venue." Defendant simultaneously served plaintiffs with interrogatories and requested production of all medical information. Pretrial conferences were held on four occasions before the case was tried. None of these proceedings was recorded.

Defendant asserts that in the first of these conferences, December 17, 1969, he made an *oral* motion to dismiss because of lack of jurisdiction over his person. Plaintiffs urge that the only argument raised at the conference was improper venue, that no mention of defect in service of process was raised. The docket entry of the district court reflects only that defendant made "an oral motion to dismiss" and that it was denied.[1]

On August 5, 1970, a third pretrial conference was conducted. At this meeting the defendant submitted a written motion to dismiss based on lack of jurisdiction over his person. It is not disputed that this motion was made and argued although the minutes of the proceedings do not mention it or indicate any ruling was made.

On August 24, 1970, at a final pretrial conference the parties' attorneys reached a tentative settlement figure and informed the judge that the case was settled pending approval from defendant's insurance carrier. The carrier, however, refused to accept the agreed settlement figure and the case came on for trial on February 4, 1971. On the day of trial the court, recalling defendant's earlier motion, suggested that the parties proceed to trial on the theory that,

if he lost, defendant would pay a verdict for the plaintiff. Defendant's counsel replied: "If it is a fair and just verdict, we certainly are willing to pay for it." Trial resulted in the verdict for plaintiff which is the subject of this appeal.

■ Our review of the record satisfies us that defendant did not assert any objection to jurisdiction over his person in the answer filed. Furthermore, we find that even if the defendant is given the benefit of the doubt of the ambiguity of his own pleading, defendant's counsel thereafter waived any objection to personal jurisdiction.

Admittedly, defendant's responsive answer that the court "lacks jurisdiction" was ambiguous as to whether jurisdiction over the person or jurisdiction over the subject matter was the basis of the attack. The ambiguity was emphasized when defendant attached interrogatories seeking information relating to the amount of damages. It is conceivable that by the alleged defense and these interrogatories defendant was attacking the good faith allegation of jurisdictional amount. Cf. *Nelson v. Keefer*, 451 F.2d 289 (3 Cir. 1971).

■ However, we do not rely on the ambiguity alone. We look to the subsequent proceedings for clarification of defendant's intent. Defendant urges that he presented an oral motion to dismiss for lack of personal jurisdiction at the first pretrial conference. Plaintiffs have lodged an affidavit with this court denying that a motion raising this issue was made. Rule 7(b) requires applications for an order to be in writing "unless made during a hearing or trial." The type of "hearing" at which there is no need for reducing a motion to writing is one in which the proceedings are recorded. *Hammond-Knowlton v. Hartford-Connecticut Trust Co.*, 26 F.Supp. 292, 293 (D.Conn.1939); *Mitchell v. Public Service Coordinated Transport*, 13 F.R.D. 96 (D.N.J.1952). The rule is explained in *In re J. & M. Doyle Co.*,

---

1. A more definitive written order would have been helpful to this court and would have obviated the present controversy.

130 F.2d 340, 341 (3 Cir. 1942): "If no written motion is filed . . . it is apparent that within a very brief time neither the adverse parties nor the court will be able to tell what took place." Judge Goodrich added in Raughley v. Pennsylvania R.R., 230 F.2d 387, 391 (3 Cir. 1956):

> "In the conduct of any organization which has many things to do, some form of system is required lest everything become so botched that the business cannot be done. This applies to the running of an army, a mercantile establishment or a court. We think rule 7(b) (1) is to be taken as meaning what it says."

Clearly the dictates of Rule 7(b) apply in a situation such as this where a party applies under Rule 12(d) for a determination of a pleaded jurisdictional defense in an unrecorded pretrial conference. The effect of noncompliance here is that this court is unable to determine either from the pleadings or the initial proceedings, whether the defense was properly raised.

■ The only act which could resolve the ambiguity in defendant's favor occurred too late to justly allow the construction defendant contends for. Under Rule 12(b) Fed.R. Civ.P. a defendant may raise the defense of lack of jurisdiction over the person either by motion before pleading or in the answer. However, it is a well settled rule that if the defense is neither raised by motion before answer nor stated in the answer, it cannot be raised for the first time by motion after the answer. Drabik v. Murphy, 246 F.2d 408 (2 Cir. 1957). The first written motion attacking personal jurisdiction was filed in August of 1970. This was one year after defendant had been served with process. By this time the parties had engaged in extensive pretrial preparation. Prior to this conference defendant had (a) served interrogatories on plaintiffs and received their responses, (b) demanded and received plaintiffs' witness and exhibits lists, (c) furnished plaintiffs with his witness and exhibits lists, (d) stipulated to the foundation of certain exhibits and (e) obtained adverse medical examinations of plaintiffs. Upon learning that defendant had been transferred to Korea, the court, at the second pretrial conference, even continued the case until his expected return to the States in August of 1970. To allow the written motion made at the August conference to relate back to resolve the ambiguity of the pleaded answer at this point in time would be manifestly unjust. We therefore find the answer failed to assert the defense and this motion was too late to cure the defect.

■ Alternatively, assuming arguendo that defendant's pleading may be liberally construed to raise the question of personal jurisdiction, we find subsequent affirmative waiver of that defense on the record. On the morning of trial, the trial court observed:

> "THE COURT: I think I will just put it on the record here. The Court had some real doubts as to whether or not it had actual jurisdiction at the time the motion was made, but it was more or less understood that a settlement would be tried to be worked out and would save the plaintiffs the problem of going and starting a suit in another forum.
>
> "Now, if we go to a verdict, it would be—I can't say what the jurisdictional outcome would be. It may be without jurisdiction ab initio. But let's go ahead and try it on the theory that you will pay the verdict if we do get one."

Defense counsel replied:

> "If it is a fair and just verdict, we certainly are willing to pay it."

Assuming defendant earlier had properly reserved his defense to personal jurisdiction, we think counsel's statement manifests the defendant's intention to take his chances with the jurisdiction of the district court. This statement does not reflect a continuing objection to the power of the court to act over the defendant's person. It manifests an intent

to submit to the jurisdiction only if the verdict meets the defendant's approval. We make this statement with full knowledge that the district court intended to try the lawsuit notwithstanding its own reservations about jurisdiction. We do so since the whole tenor of the pretrial proceedings was that the defendant was willing to submit to the jurisdiction of the district court to see if the case could be settled to his satisfaction; if not, the defendant would then contest the jurisdiction. We think this plays "fast and loose" with the power of the federal court and we disavow tolerance of such a procedure.

On appeal the defendant attacks the comments made throughout the trial by the district judge. A thorough reading of the trial transcript indicates that defendant took no exception to any of these remarks at the time they were made.[2] Absent plain error in exceptional cases, this court will not review error in the trial asserted for the first time on appeal. See Petschl v. United States, 369 F.2d 769, 773 (8 Cir. 1966); Agee v. Lofton, 287 F.2d 709 (8 Cir. 1961); Smith v. United States, 265 F.2d 14, 18 (5 Cir. 1959).

We feel constrained to comment concerning the preparation of the appendix in the instant case. There are three appendices filed in this appeal: the original appendix filed by the appellant with his brief, a supplemental one filed by the appellees and finally another supplemental one filed by the appellant. Rule 30 F.R.App.P. contemplates the filing of one appendix agreed upon by the parties. The procedure is clearly set forth as to handling any disagreements. The rules provide for a deferred appendix in the event the transcript is delayed. Rule 30(c). Parties should always be cognizant that under Rule 30(a) if parts of the record are not referred to in the appendix, the parties and the court may refer or rely upon any portion of the original record. The intent of such a rule is to foster agreement as to the preparation and content of the appendix. In this case the court has studied the full original transcript to ascertain whether the defendant inadvertently omitted his exceptions to the court's comments which he now belatedly challenges. The point of our remarks is that the disheveled status of appendices filed here was not within the contemplation of the rules and is subject to a motion to strike. The rules contemplate that the parties will cooperate in preparation of a single appendix. These rules are not technical and serve a fundamental purpose. We presume they will be more fully followed. Fair judicial review of this case was made extremely difficult for the court under these circumstances.

Judgment affirmed.

---

2. Defendant did except to a comment made during the court's instruction. Thereafter, the court immediately admonished the jury to disregard any comments he had made and to decide the case on the evidence before them. This admonition was sufficient in the instant case to dispel any possible prejudice arising from the earlier comments of the court.