NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

## IN RE JOEL B. ROTHMAN AND SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP PPLLC

---

2014-110

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 13-mc-00037, Chief Judge Leonard Davis.

---

## ON PETITION

---

Before NEWMAN, MOORE, and CHEN, *Circuit Judges.*

MOORE, *Circuit Judge.*

## O R D E R

Currently pending in the United States District Court for the Eastern District of Texas are two consolidated patent infringement suits filed by VirnetX, Inc. against Apple, Inc., Nos. 12-cv-00855 (lead) and 11-cv-00563. Petitioners Joel Rothman and Schneider Rothman Intellectual Property Law Group PPLLC (collectively "Roth-

man") are not parties to those suits. Rather, VirnetX obtained subpoenas for Florida-based Rothman in the United States District Court for the Southern District of Florida. VirnetX's subpoenas sought discovery regarding *inter partes* review petitions asserting invalidity of some of VirnetX's patents-in-suit, which were filed by New Bay Capital, LLC, an entity associated with Rothman. Rothman moved to quash the subpoenas. In response, VirnetX moved to transfer the motion to quash to the United States District Court for the Eastern District of Texas, which Rothman opposed. The Florida court granted VirnetX's motion, ordering the matter transferred to Chief Judge Davis, before whom the underlying cases between VirnetX and Apple are pending in Texas. Rothman now seeks mandamus relief from this court in the form of an order directing the Texas court to transfer the motion to quash back to the Florida court.

Mandamus is available only in extraordinary situations, to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. District Court*, 490 U.S. 296, 309, (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980).

The Eastern District of Texas has taken no action on the transferred motion to quash. As such, there is no ruling by that court for this court to review on mandamus. Rothman objects to asking the Texas court to retransfer the motion to quash on the ground that doing so might waive his objections to personal jurisdiction. But Rothman may make a limited appearance in the Eastern District of Texas to request retransfer without risking waiver on this basis, so long as his conduct "reflect[s] a continuing objection" to the Eastern District of Texas's

IN RE ROTHMAN                                                3

jurisdiction. *See PaineWebber Inc. v. Chase Manhattan Private Bank (Switz.)*, 260 F.3d 453, 460 (5th Cir. 2001) (quoting *Alger v. Hayes*, 452 F.2d 841, 844 (8th Cir. 1972)).

Accordingly,

IT IS ORDERED THAT:

The petition is denied without prejudice.

FOR THE COURT

/s/  Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s23