GENE D. KIRSTEN *v.* B. F. GOODRICH SPONGE PRODUCTS COMPANY

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued May 4—decision released July 17, 1979

*Max F. Brunswick,* for the appellant (plaintiff).

*Edward S. Downes, Jr.,* for the appellee (defendant).

BOGDANSKI, J. This case involves an appeal from a finding and award of the workmen's compensation commissioner for the fifth district directing the defendant to pay the plaintiff disability benefits for the period from June 5, 1973, through July 5, 1973. The plaintiff appealed the decision to the Court of Common Pleas which ordered the appeal dismissed. From that judgment, the plaintiff has appealed to this court, claiming that the trial court erred in concluding (1) that the commissioner properly refused to disqualify himself from hearing the case upon motion by the plaintiff, and (2) that the award limiting the disability payments to a one-month period was not inconsistent with the subordinate facts found by the commissioner.

The evidence in the record discloses that the plaintiff first contacted the office of the commissioner about his claim on June 12, 1973, when he telephoned and talked to a member of the commissioner's staff. During this conversation the plaintiff did not describe or give the date of any alleged accident or injury. He did, however, state "that a podiatrist who was treating him for a long existing malformation in both feet had told him that his back problem was aggravated by his work." The notes of this conversation indicate that the plaintiff also stated "that he has been working since last

August on very heavy work fifty hours a week and he has aggravated his back condition as a result" and that he had asked for a hearing.

That same day the plaintiff's case was assigned for an informal hearing on June 22, 1973, by one of the commissioner's staff members.[1] An informal hearing or conference was then held in June, 1973, but no progress towards an agreement was made and so another informal hearing was scheduled for September 18, 1973. The notice of that hearing, sent to the parties in August, 1973, stated that the hearing was "In re: [c]laimed back problems since birth, aggravated by working conditions and long hours."

At a formal hearing held in December, 1973, the plaintiff's counsel moved that the commissioner disqualify himself and requested that the case be referred to another commissioner for hearing. This motion was based on the fact that the notice of hearing received by the plaintiff in August, 1973, contained a statement that the hearing was in regard to "[c]laimed back problems since birth, aggravated by work conditions and long hours." Counsel objected that that was not a correct statement of the facts; that his client denied he had ever said that he had a back problem since birth; and that, to the contrary, his client consistently maintained that he had never had any back problem until he was injured on the job. Counsel requested that the commissioner disqualify himself on the ground that the statement in question was prejudicial; that it indicated that the commissioner had formed an opinion

---

[1] Informal hearings are scheduled by the commissioner's office in order to aid the parties in reaching agreement between themselves or, if agreement is not possible, to aid them in at least defining the issues for a subsequent formal hearing.

before hearing the facts and that the plaintiff would therefore be precluded from receiving a fair hearing. The commissioner responded that "[t]he words that you refer to obviously do not indicate any form of an opinion," and denied the motion for disqualification.

The first issue on this appeal is whether the trial court erred in concluding that the commissioner did not err in refusing to accede to the plaintiff's request that he disqualify himself.

In this regard we note that the workmen's compensation commission is an administrative agency of the state labor department; that the individual commissioners are charged by statute with the task of administering the Workmen's Compensation Act and that the duties devolving upon the commissioners under the act include wholly administrative and executive functions as well as quasi-judicial duties and powers.

In *Powers* v. *Hotel Bond Co.,* 89 Conn. 143, 148–49, 93 A. 245, this court had occasion to comment on the varied nature of the duties devolving upon commissioners under the act and made the following observations: "[A commissioner] determines facts upon the classes of evidence allowed, . . . applies the law to the facts found, and renders judgment which affects the property rights of litigants before him and which may be enforced by execution issued as of course out of the Superior Court. He may hear the applicant at his residence. He proceeds to hearing without pleadings and without regard to the ordinary rules of evidence. He may make his inquiry through oral or written and printed records best calculated to ascertain the substantial rights of the parties. He receives, files and

transmits all notices required by the act. He supervises agreements made between the employer and his workmen. He is the adviser of all and the umpire between the disputants."

We note that it is standard practice for staff members of a commissioner's office to make the initial assignment of cases for informal hearings and to send out the necessary written notices of such hearings. Since most plaintiffs process their claims themselves, such delegations of authority by the commissioner are both necessary and appropriate to expeditiously handle the large number of claims that are filed daily.

The record in the present case discloses that the statement objected to by the plaintiff was the result of a clerical error by a member of the commissioner's staff and not, in any manner, the result of the formation of an opinion on the merits of the claim by the commissioner. The error apparently occurred when the staff member who took the plaintiff's telephone call in June, 1973, misheard or misunderstood his statement concerning his long-existing foot problem. The resulting notation that the plaintiff had requested a hearing in reference to "claimed back problems since birth, aggravated by working conditions and long hours" was then copied into the notices of hearing, typed up by that or another member of the commissioner's staff and sent out to the parties. The record indicates that the commissioner himself had no knowledge of the contents of the notices until the matter was drawn to his attention at the formal hearing in December, 1973. Since there is nothing in the record to support the plaintiff's claim that the statement in the notice of hearing was indicative of a prejudgment on the

merits by the commissioner, we conclude that the trial court did not err in finding that the refusal of the commissioner to disqualify himself upon motion by the plaintiff was not improper.

The plaintiff's second claim—that the limitation of the award to a one-month period was inconsistent with the subordinate facts found—is also without support in the record. In his finding the commissioner observed that there was a "tremendous lack of any medical information as to the extent of the claimant's disability." The finding reveals that a neurosurgeon who examined the plaintiff a few days after the accident did not testify and that no reports of his finding or recommendations were introduced into evidence; while an orthopedic surgeon who examined the plaintiff two months after the alleged injury testified that he had found "no positive signs of any back disability and that he had to depend on what the claimant told him." In view of the above we conclude that the award rendered was not inconsistent with the facts found by the commissioner.

There is no error.

In this opinion the other judges concurred.