JOHN T. SULLIVAN *v.* NORTHWIND ENERGY
INSULATORS, INC., ET AL.
(2142)

DUPONT, Acting C.P.J., SPALLONE and DALY, Js.

Argued October 3—decision released November 13, 1984

*David M. Reilly,* for the appellant (plaintiff).

*James L. Gartland,* for the appellees (defendants).

DALY, J. This is an appeal[1] from a decision of the compensation review division of the workers' compensation commission affirming the finding and award of the commissioner for the fourth district and dismissing the plaintiff's appeal. The issues on this appeal deal not with the merits of the case, but with the alleged tardy decision rendered by the commissioner of the workers' compensation commission.

---

[1] This appeal was originally filed in the Appellate Session of the Superior Court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c).

The facts which set the framework for the plaintiff's claims of error are as follows: The plaintiff filed a claim with the workers' compensation commission and hearings were held on December 3, 1980, and on February 4, 1981. On March 17, 1982, the plaintiff filed a motion to disqualify the commissioner for the reason that no decision had been rendered on his claim, albeit hearings had been completed for more than one year. On May 18, 1982, the commissioner issued his finding and award on the merits of the claim, with no mention of or ruling upon the motion to disqualify. The plaintiff's subsequent appeal to the compensation review division was dismissed on May 16, 1983.

On appeal, the plaintiff alleges that the essential issue is whether the commissioner can retain jurisdiction and render a decision (1) after a reasonable time for rendition of decision has long since expired, and (2) after his continued jurisdiction has been challenged upon the grounds that his duties have been neglected.

The Workers' Compensation Act does not provide for a specific time limit within which a finding and award must be made. Rather, General Statutes § 31-300 provides that the commissioner shall make an award "[a]s soon as may be after the conclusion of any hearing . . . ." It is to be noted that the General Assembly has seen fit, on other occasions, to include specific time limits in a governing statute. For example, when the Uniform Administrative Procedure Act is applicable to a proceeding, General Statutes § 4-180 requires that a decision be rendered within ninety days. General Statutes § 51-183b mandates that a judge of the Superior Court, who has commenced the trial of any civil cause, must render judgment not later than one hundred twenty days from the completion date of the trial. We do not find any language in the Workers'

Compensation Act to support the plaintiff's contention that a commissioner loses jurisdiction to render a decision after a certain lapse of time.

The plaintiff claims error in that the commissioner never specifically ruled on his motion to disqualify. The compensation review division panel was of the opinion that although the plaintiff had a right to receive a specific ruling on the motion to disqualify, the commissioner's finding and award issued on May 18, 1982, constituted, at the very least, an implied denial of said motion. The compensation review division concluded that, although there may have been error in the technical sense, it was harmless error. We agree.

The plaintiff further argues that the commissioner was not able to render an impartial decision due to the fact that, because the plaintiff had filed a motion to disqualify, the commissioner must have been biased against the plaintiff. The mere filing of a motion to disqualify does not automatically disqualify a judge. *United States* v. *Townsend,* 478 F.2d 1072 (3d Cir. 1973); *Behr* v. *Mine Safety Appliances Co.,* 233 F.2d 371 (3d Cir. 1956). We believe this general rule is also applicable to a hearing commissioner. The plaintiff has not alleged any facts to indicate that the commissioner harbored any bias, or that he had prejudged the case on the merits. See *Kirsten* v. *B. F. Goodrich Sponge Products Co.,* 178 Conn. 401, 423 A.2d 95 (1979). We do not believe that the plaintiff was denied his due process right to an impartial decision-maker. See 3 Larson, Workmen's Compensation Law (1983 Cum. Sup.) § 77A.20, p. 15-7.

There is no error.

In this opinion the other judges concurred.