John N. THOMPSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6971.

United States Court of Appeals Tenth Circuit.

Nov. 21, 1962.

See also, 10 Cir., 291 F.2d 67.

Charles S. Scott, Topeka, Kan., and J. Nelson Thompson, Kansas City, Kan. (Elisha Scott, John J. Scott, and Samuel C. Jackson, Topeka, Kan., on the brief), for appellant.

Elmer Hoge, Asst. U. S. Atty. (Newell A. George, U. S. Atty., on the brief), for appellee.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

SETH, Circuit Judge.

The United States brought this suit in the United States District Court for the District of Kansas in 1959 to recover $3,100.00 and interest from John N. Thompson, the appellant. This amount was allegedly overpaid appellant by reason of the government's failure to make the proper deductions from his military pay during the time he had a Class E allotment in force. Appellant filed a counterclaim which was ordered dismissed by this court on appeal. A motion by appellant for summary judgment was denied, the case tried, and the trial court awarded the government $3,100.00 and Thompson has appealed.

It was not disputed that appellant authorized in 1946 a deduction from his pay for a Class E allotment of $100.00 per month to be paid to Maud O. Thompson, his mother. It was also undisputed that this authorization was never withdrawn and that no deductions were made

from appellant's pay. The trial court at a pretrial conference determined that the only issue was whether or not appellant's mother had received the allotment checks. At trial, the government introduced as evidence of payment a certificate of the United States General Accounting Office showing that 31 checks of $100.-00 each for each month from November 1946 through May 1949 made payable to Maud O. Thompson had been negotiated and paid by the Treasurer. By the deposition of appellant's 84-year-old mother, it was shown that she maintained a bank savings account during the period in question which showed deposits of $50.00 each for several of the months while the allotment was in force. Most of these deposits were made during the first of the month. She testified she could not remember receiving any checks of $100.00 from the United States or anyone else during the period in question. She could not remember where the money came from she deposited in her savings account, but during this time she rented rooms in her house, held various jobs, and received money from her son and daughter. On this evidence the trial court found "that pursuant to said authorization the United States Government did pay to the defendant's mother, Maud O. Thompson, the sum of $100.00 per month beginning with the month of November, 1946, and each month thereafter until and including the month of May, 1949, or a total of $3,100.-00."

Appellant took an appeal in which he raises the questions of limitations, laches, venue, and whether the trial court's overruling of his motion for summary judgment was improper.

The appellant, as one of his first points, argues that there is a statute of limitations which is applicable to this action. He refers to 31 U.S.C. § 129, which in part reads as follows:

"No proceeding in any court shall be brought by the United States or by any agency or official of the United States to enforce the liability of any endorser, transferor, or de-

positary, or financial agent, arising out of a forged or unauthorized signature or endorsement upon or alteration of any check, checks, warrant, or warrants issued by the Secretary of the Treasury, the Postmaster General, the Treasurer and Assistant Treasurers of the United States, or by disbursing officers and agents of the United States, unless such proceeding is commenced within six years after the presentation to the Treasurer of the United States or other drawee of such issued checks or warrants for payment of such check, checks, warrant, or warrants, or unless within that period written notice shall have been given by the United States or an agency thereof to such endorser, transferor, or depositary, or financial agent of a claim on account of such liability."

Appellant next refers to 31 U.S.C. § 122, as a limitation on this suit. This section reads in part as follows:

"Hereafter all claims on account of any check, checks, warrant, or warrants appearing from the records of the General Accounting Office or the Treasury Department to have been paid, shall be barred if not presented to the General Accounting Office or the Treasurer of the United States within six years after the date of issuance of the check, checks, warrant, or warrants involved."

■ An examination of these provisions, together with their legislative history (1957 U.S.Code Cong. & Ad. News, page 1674), indicates that they were not intended to apply to actions of the character now before us. This is a suit for reimbursement of the government for its failure to make proper deductions from the service pay of appellant. The limitations cited are intended to apply against the United States on checks or warrants where there is a forged or unauthorized endorsement or alteration. The second provision fixes a period of time during which claims

must be presented on checks or warrants. The facts and the nature of the claim in this case do not bring it within either of these cited statutory provisions. There is certainly no clear intention on the part of Congress that the limitation apply to an action of this character; consequently, there is no statute of limitations applicable to this action.

■■ The appellant next urges that by reason of the inaction of the Federal Government during the time that has elapsed since his discharge and since the last payment was made, the government is prevented by the doctrine of laches from proceeding in this action. Certainly as to its governmental function, the doctrine of laches does not apply to the United States nor to its officers or agencies. United States v. Mack, 295 U.S. 480, 55 S.Ct. 813, 79 L.Ed. 1559; San Pedro & Canon del Agua Co. v. United States, 146 U.S. 120, 13 S.Ct. 94, 36 L.Ed. 911. Also in the San Pedro case, supra, the court further stated that the doctrine of laches cannot be urged against the United States in situations or actions where the United States has a direct pecuniary interest. The doctrine of laches does not prevent the government from proceeding in this action although the lapse of time has put the appellant at a disadvantage.

■■ The appellant next urges that the action of the trial court should be reversed by reason of the fact that it overruled his motion for summary judgment. The grounds set out in the motion were that there was a failure to state a claim for the reason that there was no allegation that Maud O. Thompson ever received any of the allotment checks from the government, and secondly that there was no demand made on the appellant for payment. The court overruled appellant's motion and, pursuant to a pretrial conference, stated that the principal issue of fact remaining for the trial was the question of whether or not Maud O. Thompson had received the checks. Considering the pleadings alone, they show that at the time the motion for summary judgment was filed there was this substantial question of fact. A trial court in considering a motion of this character considers the case as a whole, and is not necessarily limited to the precise allegations contained in the pleadings to determine if there does exist a genuine issue of fact to be tried. There was a substantial issue of fact and the court properly overruled the motion. Ziegler v. Akin, 261 F.2d 88 (10th Cir.); Whelan v. New Mexico Western Oil & Gas Co., 226 F.2d 156 (10th Cir.); Brodrick v. Gore, 224 F.2d 892 (10th Cir.).

■■ In his final point for reversal, appellant argues that the trial court lacked "jurisdiction" to try the action by reason of improper venue. It appears that at the time the appellant was served, he was a citizen of Missouri but was served in Kansas. The record also shows that at the time of trial, the appellant had become a citizen of the state of Kansas. The proper venue at the time the action was brought was in the state of Missouri; however, the appellant waived his objection. Improper venue is of course a defense personal to a party and may be waived. Freeman v. Bee Machine Co., 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509. Waiver comes about most frequently by the party submitting through conduct or through pleading as was done here. The record shows that the appellant filed an answer in which he denied he was a citizen of Kansas, and he denied he was indebted to the United States. No motion was filed raising the venue question, but appellant did file the motion for summary judgment discussed above, in which he requested action by the court and asked for a complete disposition of the case on the basis of his motion. Considering the motion for summary judgment as such or as a motion to dismiss, it is apparent that the appellant voluntarily invoked the judgment of the court. He also filed a counterclaim which has previously been dismissed. Under these circumstances the appellant has waived any objection to venue. Southern Trust Co. v. Austin,

30 F.2d 893 (5th Cir.); Leonardi v. Chase Nat'l Bank of City of New York, 81 F.2d 19 (2d Cir.). It has been held that motions for summary judgment under these circumstances go to the merits of the cause. Heyward v. Public Housing Administration, 238 F.2d 689 (5th Cir.). The trial court found and we agree that no proper objection was made to venue and the motion for summary judgment was a waiver of any objection thereafter.

Affirmed.