CHAMFER ENGINEERING, INC., Plaintiff,

v.

TAPCO INTERNATIONAL, INC., Roman F. Arnoldy, and R. I. Patents, Inc.

Civ. 3–78–79.

United States District Court, D. Minnesota, Third Division.

March 18, 1979.

of certain patents and asserting antitrust and unfair competition claims. Two of the defendants, Roman Arnoldy and R. I. Patents, Inc., now move for dismissal for lack of personal jurisdiction. The third defendant, Tapco International, Inc., moves for dismissal against it for lack of an indispensable party. Arnoldy's motion is granted and the motions of the other defendants are denied.

The facts presented indicate that defendant R. I. Patents, Inc. is a Texas corporation which is wholly owned by Rice University. R. I. is the owner of all but three of the 21 patents at issue in this litigation, and as to these three is the exclusive licensee of Arcos, the owner of those patents. Arcos is not a party to this litigation. Defendant Tapco is also a Texas corporation. Tapco is the exclusive licensee of twelve of the patents involved and is a non-exclusive licensee to the remaining R. I. patents involved. In addition, Tapco has agreed to administer for R. I. those patents to which it is the non-exclusive licensee, and those patents licensed to R. I. by Arcos. The contract requires Tapco to act on R. I.'s behalf and to collect all royalties due R. I. from other non-exclusive licensees. Defendant Arnoldy is the president of Tapco.

The patents involved all relate to various aspects of a bulk welding process. Plaintiff is a Minnesota corporation engaged in a similar business in Minnesota. Prior to the commencement of this action, Tapco sent certain letters to plaintiff, contending that plaintiff was infringing on these patents to which Tapco was the exclusive licensee, and those which Tapco was administering on behalf of R. I. In addition, Tapco sent letters to some of plaintiff's customers, threatening them with litigation, if they continued to purchase the allegedly infringing materials from plaintiff. All these letters were signed by defendant Arnoldy, acting in his capacity as Tapco's president. Plaintiff commenced the instant action seeking a determination as to the validity of the patents in question, a declaration that its acts did not infringe the patents, and money damages for unfair competition and antitrust violations by defendants.

Robert C. Baker, St. Paul, Minn., for plaintiff.

Eugene L. Johnson, Dorsey, Windhorst, Hannaford, Whitney & Halladay, Minneapolis, Minn., James F. Weiler, Fulbright & Jaworski, Houston, Tex.; and G. Byron Jamison, II, Baker & Botts, Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

Plaintiff has brought an action against the three defendants contesting the validity

*Arnoldy's Motion*

 Defendant Arnoldy's motion to dismiss for lack of personal jurisdiction must be granted. Arnoldy's only contacts with Minnesota were the letters alleging infringement of the patents owned by R. I. and licensed to or administered by Tapco. Plaintiff does not allege any contacts by Arnoldy in Minnesota other than as president of Tapco. The Minnesota long-arm statute, Minn.Stat. § 543.19 (1978), allows a court sitting in Minnesota to exercise jurisdiction over a non-resident who transacts business in Minnesota. However, the business transacted must be that of the agent on his own behalf, not on behalf of a disclosed principal. *See First National Bank of Minneapolis v. White,* 420 F.Supp. 1331 (D.Minn.1976); *Washington Scientific Indus. Inc. v. American Safeguard Corp.,* 308 F.Supp. 736 (D.Minn.1970). Since Arnoldy's only alleged activities in Minnesota were on behalf of Tapco, those activities do not sustain the exercise of personal jurisdiction over him.

*R. I.'s Motion*

 Defendant R. I.'s motion to dismiss for lack of personal jurisdiction must be denied. The Minnesota long-arm statute allows for the exercise of personal jurisdiction over a non-resident who acts in person or through an agent. While R. I. has not personally transacted business in Minnesota, it has acted in Minnesota through an agent, Tapco. The agreement between R. I. and Tapco provides:

All existing licenses by R. I. to others than TAPCO and ARCOS are hereby assigned to TAPCO for administration thereof. TAPCO hereby assumes responsibility for observing their provisions, administering their operation, and making collections per the terms of those agreements and of Paragraph IV of the agreement.

This agreement clearly makes Tapco R. I.'s agent in the administration of the non-exclusive licenses. *See First National Bank of Minneola v. Farmers & Merchants State Bank,* 417 S.W.2d 317 (Tex.Civ.App.1967). The letters sent into Minnesota threatening plaintiff with litigation indicate Tapco was acting on its own behalf as the exclusive licensee of some of the patents mentioned in the letter, and as R. I.'s administrator for the remainder of those patents listed in the letter. The sending of such a letter into Minnesota is sufficient to satisfy due process and establish jurisdiction over the sender. *B & J Mfg. Co. v. Solar Industries, Inc.,* 483 F.2d 594 (8th Cir. 1973). Since Tapco was acting on R. I.'s behalf, Tapco's contacts with Minnesota by virtue of the agency agreement can be imputed to R. I. to confer jurisdiction over it.[1]

*Tapco's Motions*

 Tapco's motion to dismiss for lack of an indispensable party must be denied. Tapco argues that both R. I. and Arcos are indispensable parties, since each is the owner of certain of the patents involved in the litigation. Tapco contends that a full and fair adjudication is impossible in the absence of R. I. and Arcos, and therefore the action must be dismissed under Rule 19. Tapco's contention concerning R. I. presupposes that R. I.'s motion to dismiss would be granted, and since that motion has been denied, Tapco's contention is moot as it concerns R. I.

In addition, this court concludes that Arcos is not an indispensable party since R. I., the exclusive licensee of the three Arcos patents at issue, is subject to the jurisdiction of this court. In this case the exclusive license operates as an assignment, since virtually all of Arcos' rights in the patents have been conveyed to R. I. in exchange for the payment of royalties. When a patent owner retains no rights in the patents exclusively licensed, it is not an indispensable party in an action to determine the validity

---

1. It should be noted that jurisdiction over R. I. is not based on Tapco's activities as licensee of patents owned by R. I. A licensee of a patent is not normally considered the owner's agent for purposes of jurisdiction. *See Conwed Corp. v. Nortene, S. A.,* 404 F.Supp. 497 (D.Minn.1975); *S. S. Kresge Co. v. Kamei-Autokomfort,* 363 F.Supp. 257 (D.Minn.1973). Rather, jurisdiction in this case is based on Tapco's role as "administrator" of R. I.'s patents.

of the patents. *Waterman v. Mackenzie,* 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923 (1891); *Imperial Products, Inc. v. Zuro,* 176 U.S.P.Q. 172 (D.Minn.1971) (BNA); *Owatonna Mfg. Co. v. Melroe, Inc.,* 301 F.Supp. 1296 (D.Minn.1969). Since R. I., the exclusive licensee and assignee of the Arcos patents, is a party to the litigation, Arcos' presence is not required and the litigation can proceed in the absence of Arcos.

■ Finally, Tapco's motion to dismiss the antitrust and unfair competition counts of the complaint for failure to state a claim upon which relief could be granted must be denied. For dismissal to be proper, there must be no conceivable set of facts that the plaintiff could prove which would entitle plaintiff to recover. *Quality Mercury, Inc. v. Ford Motor Co.,* 542 F.2d 466 (8th Cir. 1976). That test has not been met here. The allegations in the plaintiff's complaint, if proven, could entitle plaintiff to recovery under the antitrust and unfair competition counts. For the purposes of this motion, the court must assume that the plaintiff's allegations can be proven and must therefore deny Tapco's motion.