MARQUEST MEDICAL PRODUCTS, INC., a Colorado Corporation, Plaintiff,

v.

EMDE CORPORATION, a Nevada Corporation, James H. Buckingham, M.D., E. J. Snyder, Robert B. Stone, M.D., and Ronald J. Logar, Individuals, Defendants.

Civ. A. No. 80–K–61.

United States District Court, D. Colorado.

Sept. 10, 1980.

David F. Zinger, Sheridan, Ross, Fields & McIntosh, Denver, Colo., for plaintiff.

Timothy J. Martin, Young & Martin, John J. Gibbons, Denver, Colo., for defendants.

## ORDER

KANE, District Judge.

Defendants have moved to dismiss for improper venue under 28 U.S.C. § 1391 and absence of personal jurisdiction. Plaintiff Marquest Medical Products, Inc., a Colorado corporation, filed this action on January 15, 1980, seeking a declaratory judgment of non–infringement of patent, patent invalidity, interference with business relations and patent misuse. Marquest also seeks injunctive relief, compensatory damages and punitive damages. Marquest manufactures and sells syringe–like devices which collect blood samples called the "Omnistick" and "Ministick." Defendant EMDE, a Nevada corporation, is the alleged holder of U.S. Letters Patent No. 4,133,304 to a syringe–like device which collects blood samples called the "Mosquito." Marquest has also named various officers and stockholders of

EMDE as defendants–all residents of either Nevada or California.

Marquest bases its action against defendants on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Marquest further alleges that venue is proper against defendant EMDE because the corporation does business in Colorado, 28 U.S.C. § 1391(c), and proper against the individual defendants because the cause of action arose in Colorado. 28 U.S.C. § 1391(b). Moreover, Marquest claims that personal jurisdiction and venue is proper because defendants have waived any jurisdictional defenses by their conduct in submitting to the jurisdiction of this court and by their .failure timely to raise any objection. I agree and therefore the motion to dismiss is denied.

## FACTUAL BACKGROUND

On August 17, 1979, defendant Logar, for EMDE, sent a letter to Marquest claiming that the manufacture and distribution of the "Omnistick" and "Ministick" violated EMDE's "Mosquito" patent, U.S. Letters Patent No. 4,133,304. Logar requested Marquest immediately to cease and desist the manufacture, distribution, sale, or other use of the syringe and stated that failure to do so would precipitate legal action for patent infringement.

As early as September, 1979, defendants sent letters to present and potential customers of Marquest's syringe–like devices asserting that Marquest had infringed the "Mosquito" patent. In these letters defendants warned the customers that failure to cease and desist use of the "Omnistick" or "Ministick" arterial blood gas syringes would result in immediate legal action by EMDE against the customers. Copies of these letters were signed by defendants Logar and Buckingham. A letter by defendant Snyder to EMDE dealers evidences his acquiescence.

Marquest filed this action on January 15, 1980. In late February defendants filed their first request for extension of time to answer Marquest's complaint, which I granted on February 25, 1980. Defendants filed their second request for extension of time on March 12, 1980, after Marquest had moved for a preliminary injunction on March 3, 1980. Defendants' request was based on the recent appointment of additional counsel which necessitated more time to prepare for the preliminary injunction hearing set for March 21, 1980. I also granted this extension.

In its motion for preliminary injunction Marquest requested generally that defendants be enjoined from further representation to Marquest's customers that it had violated the "Mosquito" patent and that use of the "Omnistick" or "Ministick" would result in legal action. On March 18, three days before the hearing on the motion, defendants and Marquest entered into a written stipulation to the entry of a preliminary injunction "during the pendency of the trial" which I made an order of this court on that day. The order enjoined defendants generally from representing Marquest to be in violation of the "Mosquito" patent and restraining Marquest generally from misrepresenting the ownership of the Mosquito syringe, claiming any affiliation with EMDE, or asserting the invalidity of EMDE's patent. On March 20, 1980, I ordered the withdrawal of Marquest's motion for preliminary injunction in lieu of the written stipulation and cancelled the hearing set for March 21, 1980. On April 3, 1980, defendants filed the motion to dismiss alleging improper venue and lack of personal jurisdiction.

Marquest pursued discovery during May serving interrogatories and requesting the production of documents. Defendants twice moved for extensions of time, both of which I granted, requesting in total seventy–five days within which to respond to Marquest's requests for information regarding only the personal jurisdiction and venue issue. Defendants tendered answers and documents on July 28, 1980.

## WAIVER

Personal jurisdiction is a question of the court's power to exercise control over defendants while venue is primarily a matter of choosing a convenient forum. *Leroy*

*v. Great Western United Corp.*, 443 U.S. 173, 180, 99 S.Ct. 2710, 2715, 61 L.Ed.2d 880 (1978). *See generally* Wright, Miller & Cooper, *Federal Practice and Procedure* § 3801, at 3–6 (1976). Both are personal privileges of the defendant and both may be waived. *Leroy v. Great Western United Corp.*, 443 U.S. at 180, 99 S.Ct. at 2715, *Neirbo Co. v. Bethlehem Shipbuilders Corp.*, 308 U.S. 165, 167–168, 60 S.Ct. 153, 154–155, 84 L.Ed. 167 (1939).[1] As the Supreme Court stated in *Neirbo*, privilege defenses such as lack of personal jurisdiction or improper venue may be "lost by failure to assert [them] seasonably, by formal submission in a cause, or by submission through conduct." *Id.* at 168, 60 S.Ct. at 154–155. Although defendants have not formerly consented to this suit I find that by their untimely objection to jurisdiction and venue and by their conduct they have submitted to the resolution of this dispute by this court.[2]

■ While I agree that the mere filing of or participation in a motion does not necessarily entail a waiver to the defenses of lack of personal jurisdiction or improper venue, *Altman v. Liberty Equities Corp.*, 322 F.Supp. 377, 379 (S.D.N.Y.1971), defendants have waited some six to ten weeks since the complaint was served to object to this court's venue and jurisdiction over their persons. Defendants objected only after having submitted to an order of this court by their stipulation which restrains them from acting as was requested by Marquest in its motion for preliminary injunction. Furthermore, defendants received affirmative preliminary relief by obtaining injunctions against certain actions by Marquest in that same order.

■ It is beyond peradventure that had defendants appeared at the hearing on Marquest's motion for preliminary injunction, waiver would have been a *fait accompli. See Wyrough & Loser, Inc. v. Pelmor Laboratories, Inc.*, 376 F.2d 543, 547 (3d Cir. 1967), *Backo v. Local 281, United Bro. of Carpenters & Joiners*, 438 F.2d 176 (2d Cir. 1970) *cert. denied*, 404 U.S. 858, 92 S.Ct. 110, 30 L.Ed.2d 99 (1971). A litigant must exercise great diligence in challenging personal jurisdiction or venue; he should do so at the time he makes his first defensive move. *See* Wright & Miller, *Federal Practice and Procedure* § 1391 at 855. Although at the hearing on the preliminary injunction the burden would have been on Marquest to show irreparable injury and the probability of success on the merits, *Penn v. San Juan Hospital, Inc.*, 528 F.2d 1181 (10th Cir. 1975), defendants would have been required to rebut Marquest's contentions–rebuttal

---

1. Rule 12(h)(1) of the Federal Rules of Civil Procedure sets forth one particular instance in which these defenses may be waived:

   A defense of lack of jurisdiction over the person, improper venue, . . . is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

   However, this rule sets only the outer limits of waiver; it does not preclude waiver by implication. *Neirbo Co. v. Bethlehem Shipbuilders Corp.*, 308 U.S. at 167–168, 60 S.Ct. at 154–155, *Thompson v. United States*, 312 F.2d 516, 519 (10th Cir. 1962), *cert. denied*, 373 U.S. 912, 83 S.Ct. 1303, 10 L.Ed.2d 414 (1963).

2. Courts have deemed personal jurisdiction and venue waived by reason of moving for summary judgment, *Thompson v. United States*, 312 F.2d at 519–520; participation in a motion for injunction *pendente lite, Wyrough & Loser Inc.*

*v. Pelmor Laboratories, Inc.*, 376 F.2d 543 (3d Cir. 1967); stipulating to conditional confession to judgment and moving to set aside a decree and for other affirmative relief, *Feldman Inv. Co. v. Connecticut Gen. Life Ins. Co.*, 78 F.2d 838 (10th Cir. 1935); participation in another party's motion for change of venue based upon *forum non conveniens* (28 U.S.C. § 1404(a)), *Altman v. Liberty Equities Corp.*, 322 F.Supp. 377 (S.D.N.Y.1971); and substantial passage of time during which pre-trial preparation was undertaken, *Ft. Wayne Corrugated Paper Co. v. Anchor Hocking Glass Corp.*, 31 F.Supp. 403 (W.D.Pa.1940). *Cf. Hasse v. American Photograph Corp.*, 299 F.2d 666, 669 (10th Cir. 1962) (filing of Rule 13(a) compulsory counterclaim does not constitute waiver); *D'Amico v. Treat*, 379 F.Supp. 1004, 1007–1008 (N.D.Ill.1974) (filing of counsel's appearance and motion for enlargement of time to answer or otherwise plead does not constitute waiver).

arguments going to the merits of the case.[3] In that instance, the "defensive action" would be similar to that present in the filing of a motion for summary judgment which the Tenth Circuit has found to be sufficient submission of a dispute to a court for resolution to warrant a waiver of any objection to jurisdiction or venue. *See Thompson v. United States*, 312 F.2d 516 (10th Cir. 1962), *cert. denied*, 373 U.S. 912, 83 S.Ct. 1303, 10 L.Ed.2d 414 (1963). In *Thompson* the court found that the defendant movant's action went to the merits of the case.

By stipulating to an injunction which restrains both parties, defendants have avoided actual argument on the probability of success or failure of the merits of Marquest's claims. At the same time they have received affirmative preliminary relief under order of this court. I need not dwell on the obvious: in adopting the stipulated agreement I considered the propriety of the mutual injunctions in light of the facts and law in this case, albeit not determining the ultimate resolution of the litigation. Preliminary matters such as personal jurisdiction or venue should be raised and disposed of before a court considers the merits or quasi–merits of a controversy. *Wyrough & Loser, Inc. v. Pelmor Laboratories, Inc.*, 376 F.2d at 547. I agree with Marquest that defendants cannot "walk away" from this court order or this court's jurisdiction having once submitted themselves for the presumed advantages which they obtained.

The policy of conserving judicial time and effort by disposing of preliminary matters is paramount to the countervailing policy of affording parties to a suit time to plead procedural defenses, *id.*; especially where adequate time and opportunity are available. Defendants are not in the same position as the parties in *Wyrough* where only one week was allowed in which to prepare a jurisdictional defense before a hearing on the motion for injunction *pendente lite.*

Even in those circumstances, the court found that the parties were not put in a "procedural straight jacket." *Id.* I also find that defendants had adequate time and are not being required to forego valid defenses by hurried and premature pleading.

Although I realize that defendants retained additional counsel in March which perhaps delayed the formation of their litigation strategy, the appraisal of jurisdiction over one's person or the convenience of a judicial forum does not require thorough research of a complex area of law. I note further that defendants retained as co–counsel patent attorneys, presumably for their expertise in patent law and not necessarily or predictably in federal civil procedure. As in *Wyrough*, defendants here have neither requested a continuance nor raised any objections that might suggest they did not voluntarily invoke the jurisdiction of this court. *Id.* Therefore I conclude that defendants have waived any defense to personal jurisdiction or venue. However, because I realize the difficulty in discerning the boundaries of when jurisdictional defenses may be waived by conduct rather than by the failure to abide by the requirements set forth in Rule 12(h), I think it prudent to address as well the defendants' contentions regarding personal jurisdiction and venue.

### PERSONAL JURISDICTION

At the outset I note that resolution of personal jurisdiction generally takes precedence over the determination of the propriety of venue. *See Leroy v. Great Western United Corp.*, 443 U.S. at 180, 99 S.Ct. at 2715. In a diversity action personal jurisdiction is determined according to the law of the state in which the federal court sits. *United States v. First National Bank*, 379 U.S. 378, 381, 85 S.Ct. 528, 530, 13 L.Ed.2d 365 (1965), *Litvak Meat Co. v. Baker*, 446 F.2d 329, 331 (10th Cir. 1971), *Halliburton Co. v. Texana Oil Co.*, 471 F.Supp.

---

**3.** Although it is true that defendants may have appeared at the hearing only to assert lack of jurisdiction or venue, I cannot speculate about that which never occurred. I can only conclude that defendants' actions in stipulating to mutual injunctions "during the pendency of this trial" constitutes submission to this court.

1017, 1018 (D.Colo.1979). Colorado's long arm statute, Colo.Rev.Stat. § 13–1–124(1)(a) (1973) provides:

> (1) Engaging in any act enumerated in this section by any person, whether or not a resident of the state of Colorado, either in person or by any agent, submits such person, and if a natural person his personal representatives to the jurisdiction of the courts of this state concerning any cause of action arising from
>
> (a) The transaction of any business within this state;
>
> *    *    *    *    *    *

■ The legislative intent of Colorado's long arm statute is to exert jurisdiction over non–residents to the fullest extent permissible under the due process clause of the federal constitution. *Mr. Steak, Inc. v. District Court*, 194 Colo. 519, 521, 574 P.2d 95, 96 (1978), *Safari Outfitters Inc. v. Superior Court*, 167 Colo. 456, 448 P.2d 783 (1968). In *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the Supreme Court set forth guidelines for determining whether the assertion of personal jurisdiction is consistent with due process. If the defendant is not present in the territory of the forum, he must have "certain minimum contacts with it such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 316, 66 S.Ct. at 158. The Court continued that in order to assure fairness and justice the trial court must look at the quality and nature of the activity.

The Supreme Court of Colorado has set forth criteria consistent with the due process clause for determining whether a court can exercise personal jurisdiction pursuant to the state's long arm statute. In *Van Schaack & Co. v. District Court*, 189 Colo. 145, 538 P.2d 425 (1975), the court adopted three criteria gleaned from the Supreme Court's decisions in *McGee v. International Life Ins. Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957) and *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958):

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or of causing important consequences in that state. Second, the cause of action must arise from the consequences in the forum state of the defendant's activities. Finally, the activities of the defendant or the consequences of those activities must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Van Schaack & Co. v. District Court*, 189 Colo. at 145, 538 P.2d at 426 [citations omitted].

■ I find that defendant EMDE has clearly met the criteria necessary to fall within the ambit of Colorado's long arm statute. EMDE first had contact with Colorado since at least January, 1977, when Donald Bailey, former director and officer of EMDE, Vice–President of Research and Development of EMDE, and inventor of both the "Mosquito" syringe, and the "Omnistick" and "Ministick" syringes, resided in Colorado.[4] Bailey is now an officer and one of the principal shareholders of plaintiff Marquest. The controversy between Marquest and EMDE was fomented and fueled by Bailey's activities between January, 1977, and October, 1978. While residing in Colorado, Bailey's purpose for EMDE was to improve the design and functioning of the "Mosquito," to cooperate in the issue of U.S. Letters Patent No. 4,133,304 covering the "Mosquito," to develop new syringes for EMDE, and to investigate the feasibility of developing other products in the respiratory care field. EMDE's contact with Colorado occurred during this time and up to February, 1979, as a direct result of Bailey's promotional activities and by other direct solicitous actions by EMDE.

---

4. Between January 31, 1977, and October, 1978, and between November, 1978, and December, 1978, two other directors of EMDE, Cleafe Best, Jr., and Ruben Cherniak, respectively, resided in Colorado. The record does not disclose whether these persons acted as agents of EMDE in Colorado for the promotion or sale of the "Mosquito" syringe.

At the instigation of Bailey, shipments of the "Mosquito" were requested by and sent to various hospitals, clinics, and institutions in Colorado. Defendants also delivered syringes to various institutions for "testing." Some business transactions were directly made by EMDE. Although EMDE's sales are not great in cash value, they are sufficient to establish business contact with Colorado. The defendants claim that EMDE's sales totaled $1,022.57. However, quantity of contact cannot be measured by dollar value alone. EMDE solicited and promoted its product in the state which but for the ensuing dispute between Marquest and EMDE might have resulted in increased sales. Further, regarding quantity, even a single contact is sufficient to sustain jurisdiction where the cause of action arose out of that contact. *See Halliburton Co. v. Texana Oil Co., Inc.*, 471 F.Supp. at 1019, *Tucker v. Vista Financial Corp.*, 192 Colo. 440, 560 P.2d 453 (1977). I find that the dispute here clearly arose out of EMDE's business activities performed by Bailey while in Colorado, thus meeting the second test set forth in *Van Schaack*.

Further, EMDE's promotional activities and solicitation of customers while in Colorado,[5] together with actual sales, are sufficient to invoke long arm jurisdiction in this case. *See Houston Fearless Corp. v. Teter*, 318 F.2d 822, 826–827 (10th Cir. 1963). *See also B & J Mfg. Co. v. Solar Indus., Inc.*, 483 F.2d 594, 598 (8th Cir.), *cert. denied*, 415 U.S. 918, 94 S.Ct. 1417, 39 L.Ed.2d 473 (1973). *Medtronic, Inc. v. Mine Safety Appliances Co.*, 468 F.Supp. 1132, 1144–1145 (D.Minn.1979), *Chamfer Eng'r, Inc. v. Tapco Int'l, Inc.*, 82 F.R.D. 33, 35 (D.Minn.1979),

*Harley–Davidson Motor Co. v. Strada*, 78 F.R.D. 521, 523 (E.D.Wis.1978). EMDE has directed its activities specifically to Colorado, maintained an agent in Colorado, and entered into agreement in Colorado for the sale of its product. *See Automated Quill, Inc. v. Chernow*, 455 F.Supp. 428, 432 (D.Colo.1978). Second, it is not required that the claim arise from the very business conducted by EMDE. *Board of Comm'rs v. Wilshire Oil Co. of Texas*, 523 F.2d 125 (10th Cir. 1975).[6] As noted above this dispute regarding patent infringement and validity and business interference clearly arose out of EMDE's business in Colorado through its agent Bailey. EMDE has availed itself of the privilege of conducting activities in Colorado, thus meeting the first test set forth in *Van Schaack*.

Defendants allege that Marquest's claim arises only out of defendants' mailing a letter into Colorado advising Marquest of potential infringement, and further contend that this is insufficient to establish a cause of action arising in Colorado. I disagree. In *Chamfer Eng'r, Inc. v. Tapco Int'l, Inc.*, 82 F.R.D. 33 (D.Minn.1979), the district court dismissed an action against defendant corporation's president where his only contacts with the forum state were letters alleging patent infringement. *Id.* at 35. The court sustained jurisdiction over the defendant corporation based on the "patent infringement letter" contact although it did not personally transact business in the forum state. In *Chamfer* the corporation's agent also administered the corporation's patents in the forum state. *Id.*

---

5. Marquest points out that EMDE advertised the "Mosquito" syringe in a national magazine, *Respiratory Therapy*, which reaches customers in Colorado, and that EMDE promoted its product at a trade symposium in Denver, Colorado on May 6, 1980. I agree with EMDE that advertisement in a national magazine is not in itself sufficient to establish contacts in Colorado. *See Safari Outfitters, Inc. v. Superior Court*, 167 Colo. at 460, 448 P.2d at 784–85. *Cf. B & J Mfg. Co. v. Solar Indus., Inc.*, 483 F.2d 594, 598 (8th Cir.), *cert. denied*, 415 U.S. 918, 94 S.Ct. 1417, 39 L.Ed.2d 473 (1973), (advertising through nationally–circulated maga-

zines supports finding of contacts). However, I note that this was just one of several promotional activities. The record is unclear whether the "promoter" at the trade symposium was an actual representative of EMDE or merely gave a presentation on the "Mosquito" syringe with or without EMDE's approval.

6. *See also B & J Mfg. Co. v. Solar Indus., Inc.*, 483 F.2d at 598. In *B & J*, the court found that related contacts through the sale of products other than the one in dispute supported a finding of sufficient contacts to sustain jurisdiction.

In *Harley–Davidson Motor Co. v. Strada*, 78 F.R.D. 521 (E.D.Wis.1978), the court found jurisdiction over defendant corporation where the corporation had both sold its patented products in the forum state and counsel had written to the alleged patent infringers asserting infringement. *Id.* at 525. *Accord B & J Mfg. Co. v. Solar Indus., Inc.*, 483 F.2d at 598. Because, as defendants admit, the parties are competitors in the highly competitive medical field of blood sampling apparatus, the sending of such a letter might have as one purpose the deterring of future sales by Marquest in Colorado and the improvement of EMDE's economic and marketing position. I find it abundantly clear that EMDE's actions to promote and sell its "Mosquito" syringe in Colorado were undertaken for economic and business purposes and that defendants' communication concerning the alleged patent violations were initiated for business reasons. I further note that although EMDE may have ceased carrying on business in Colorado, such does not defeat personal jurisdiction when the cause of action arises out of business formerly carried on by defendant in the forum state. *Houston Fearless Corp. v. Teter*, 318 F.2d at 827. In conclusion I find the contacts overall are sufficient to find jurisdiction over EMDE and that jurisdiction is reasonable and not patently unfair, thus meeting the third *Van Schaack* test.

### VENUE

Under 28 U.S.C. § 1391(c) a corporation may be sued "in any judicial district in which it . . . is doing business . . . ." The determination of venue under § 1391 is a federal question and the answer depends on federal law. *See Leroy v. Great Western United Corp.*, 443 U.S. at 183 n.15, 99 S.Ct. at 2717 n.15. Under the reasoning of *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), adopted by the Tenth Circuit for venue purposes, *see Houston Fearless Corp. v. Teter*, 318 F.2d at 826, I find that venue is proper as to EMDE. In *Houston Fearless* the court stated:

While leaving every case to its own facts, it is generally understood that to constitute 'engaging in or transacting business' in a state, so as to be found or present there . . . ., a non–resident corporation's activity there must be 'substantial', 'continuous', and 'regular', as distinguished from 'casual,' 'single', or 'isolated' acts.

\*    \*    \*    \*    \*    \*

*Id.* (*citing International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). *See also Steinway v. Majestic Amusement Co.*, 179 F.2d 681, 682–684 (10th Cir.), *cert. denied*, 339 U.S. 947, 70 S.Ct. 802, 94 L.Ed. 1362 (1950), *Curtis Publishing Co. v. Cassel*, 302 F.2d 132, 136 (10th Cir. 1962). As discussed more fully above, EMDE has transacted business in Colorado.

### INDIVIDUAL DEFENDANTS

The record discloses that as to defendants Buckingham and Logar, the parties sent letters to customers of Marquest informing them of Marquest's alleged patent infringement and threatening liability for further use of Marquest's products. Defendant Logar, for EMDE, sent the letter to Marquest informing it that legal action would be taken for the alleged patent infringement. The record also indicates that defendant Snyder acquiesced in the letters to customers and informed EMDE dealers of the possible legal proceedings. The record is unclear as to defendant Stone's involvement.

Applying the same principles of personal jurisdiction I find it difficult to conclude that jurisdiction is proper over these defendants. *See, e. g., Chamfer Eng'r, Inc. v. Tapco Int'l, Inc.*, 82 F.R.D. at 35. However, the waiver previously discussed resolves the controversy.

Venue here is proper against these individual defendants if the "claim arose" in Colorado. 28 U.S.C. § 1391(b). I have concluded that the claim did arise in Colorado. Therefore venue is proper irrespective of the waiver of the defense of improper venue.

I conclude that I have jurisdiction over the defendants in this action and that venue is proper in this district. Therefore, it is

ORDERED that the motion to dismiss be and hereby is denied. Defendants shall answer the complaint not later than September 29, 1980.