**NETWORK PROFESSIONALS, INC., a Minnesota corporation, Plaintiff,**

v.

**NETWORK INTERNATIONAL LIMITED, a foreign corporation; Whitemark Corporation, Inc., a foreign corporation; Robert Rose, individually; and Al Loring, individually, Defendants.**

Civ. 4–91–536.

United States District Court,
D. Minnesota,
Fourth Division.

Jan. 15, 1993.

Scott A. Johnson, Johnson Law Office, Wayzata, MN, for plaintiff.

Richard A. Williams, Jr., John M. Dornik, Hvass, Weisman & King, Minneapolis, MN, for defendants.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on defendants' motion to dismiss. The motion will be denied.

### FACTS

Plaintiff Network Professionals, Inc. sells air and water filtration systems though independent distributors; the independent distributors in turn recruit sub-distributors. In 1990, plaintiff produced a training videotape entitled "The Solution," which was used to recruit sub-distributors; shortly thereafter, plaintiff created a derivative videotape entitled "The Solution for the 90's." Plaintiff distributes the derivative videotape nationwide to potential distributors.

Defendants Robert Rose and Al Loring distribute the same air and water filtration systems that are sold by plaintiff. Plaintiff alleges that some time in 1991, it learned that defendants were copying and selling its derivative videotape. In June 1991, plaintiff's attorney telephoned the office of defendant Network International Limited (Network International), which is located at the same address as defendant Whitemark Corporation (Whitemark). Plaintiff asserts that an employee at that office acknowledged that defendants had for sale a videotape entitled "The Solution for the 90's" and took his order for six copies of the tape. Shortly thereafter, plaintiff's attorney received the tapes in the mail. The tapes are identical to plaintiff's derivative videotape and bear a copyright notice in the name of Network Professionals, Inc.

In July 1991, plaintiff filed this suit, alleging that defendants had violated federal copyright laws by copying and distributing the videotape. On July 25, 1991, Loring

filed a response to the complaint stating that Whitemark, Loring, and Rose had not made or reproduced tapes called "The Solution" and that Network International was an independent distributor that rented space in Whitemark's office. Loring then responded to each paragraph in the complaint by stating either "deny" or "no knowledge" and asked that the action be dismissed.

Also on July 25, 1991, this Court granted plaintiff's motion for a temporary restraining order; in the order, the Court noted that although defendants did not appear at the hearing on the matter, they did submit an unsworn letter signed by Loring on behalf of Whitemark. The letter states that Loring, Rose, and Whitemark were not involved in the distribution of the videotape, but that Network International, a distributor working out of Whitemark's offices, had purchased tapes from one its sub-distributors and sold them.

After obtaining the temporary restraining order, plaintiff initiated discovery. Defendants responded to plaintiff's interrogatories and requests for document production on three occasions in the fall of 1991. Plaintiff believed that the responses were inadequate because they were unsworn and incomplete, and therefore made three motions to compel discovery. When defendants failed to abide by the magistrate judge's discovery orders, he awarded sanctions against them. Defendants appealed the award of sanctions to this Court, arguing that they were not required to follow the magistrate judge's discovery orders, because this Court lacks personal and subject matter jurisdiction over them. By order dated November 6, 1992, the Court affirmed the magistrate judge's award of sanctions.

Defendants now move to dismiss for lack of personal jurisdiction, improper venue, and lack of subject matter jurisdiction. Plaintiff asserts that the Court has subject matter jurisdiction over this action and that defendants have waived their personal jurisdiction and improper venue defenses.

## DISCUSSION

### I. *Personal Jurisdiction*

Defendants argue that this action should be dismissed because plaintiff has failed to demonstrate that defendants have the contacts with Minnesota necessary to satisfy due process requirements. Defendants assert that they are not licensed to do business in Minnesota, have not sent any representatives to Minnesota, and do not maintain offices, bank accounts, or telephone numbers in Minnesota. They point out that plaintiff's claim is based on an isolated sale of videotapes in Minnesota and that the sale was initiated by plaintiff's attorney. Such a sale cannot, in defendants' view, support the exercise of jurisdiction. Plaintiff does not argue that the isolated sale, initiated by its attorney, is a sufficient basis for personal jurisdiction.[1] Instead, plaintiff argues that defendants have waived their personal jurisdiction defense.

Because the personal jurisdiction requirement recognizes and protects an individual liberty interest, it may be waived. *Insurance Corp. of Ireland v. Compagnie des Bauxites*, 456 U.S. 694, 701–705, 102 S.Ct. 2099, 2104–2105, 72 L.Ed.2d 492 (1982). The United States Court of Appeals for the. Eighth Circuit has held that the defense of lack of personal jurisdiction may be waived in two ways. Under Federal Rule of Civil Procedure 12, the defense may be waived if it is neither raised by motion before the answer or asserted in a responsive pleading. *Yeldell v. Tutt*, 913 F.2d 533, 539 (8th Cir.1990); *Alger v. Hayes*, 452 F.2d 841, 844 (8th Cir.1972). Rule 12, however, "sets only the outer limits of waiver; it does not preclude waiver by implication." *Yeldell*, 913 F.2d at 539 (quoting *Marquest Medical Products v. EMDE Corp.*, 496 F.Supp. 1242, 1245 n. 1

---

1. Nor would such an argument be likely to prevail. The due process analysis focuses on a defendant's contacts with the forum, not its contacts with the plaintiff; thus, an isolated sale will not support jurisdiction, even if the cause of action arises from that sale. *See, e.g., Wines v.* *Lake Havasu Boat Mfg., Inc.,* 846 F.2d 40 (8th Cir.1988). Moreover, a plaintiff cannot manufacture personal jurisdiction through unilateral activities such as telephoning the defendant. *Id.* at 43 (citations omitted).

(D.Col.1980)). Thus, the personal jurisdiction defense may also be "lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct." *Id.* (quoting *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168, 60 S.Ct. 153, 155, 84 L.Ed. 167 (1939)). Plaintiff asserts that defendants waived their personal jurisdiction defense both by failing to raise it in their answer and by their conduct in this litigation.

■ The parties agree that defendants' motion to dismiss was filed after they answered; thus, under Rule 12, their personal jurisdiction defense was waived unless raised in the answer. The parties disagree, however, about what constituted defendants' answer in this matter. Plaintiff argues that defendants answered on July 25, 1991, when they filed the response signed by Loring; plaintiff asserts that because the response does not specifically assert a personal jurisdiction defense, the defense has been waived under Rule 12. Defendants argue that the July 25, 1991 submission was an appearance only by Loring, not by Rose, Whitemark, or Network International. They assert that the latter three defendants first appeared in this action when their counsel filed a formal answer on May 12, 1992; that answer specifically asserts a personal jurisdiction defense.

As to Loring, defendants argue that his filed response to the complaint was not an official pleading, but merely a letter to the Court. If it is regarded as a pleading, they continue, it is a pro se pleading that should be liberally construed to raise a personal jurisdiction defense. They point out that paragraph two of plaintiff's complaint states

> On information and belief, Defendants Rose and Loring are owners and officers who operate companies known as Network International Limited and Whitemark Corporation, Inc., both companies which transact business within the State of Minnesota.

Compl. ¶ 2. In response to this paragraph, the July 25, 1991 submission states "deny." Thus, defendants argue, Loring denied that the companies transact business in Minne-

sota and by implication raised the personal jurisdiction defense.

The Court holds that defendants have waived their personal jurisdiction defense by failing to raise it in their answer. Defendants' attempt to characterize the July 25, 1991 filing as response by Loring only is in the Court's view disingenuous. The document clearly states that neither Whitemark, Loring, nor Rose made or reproduced the tapes at issue; it also states that *"Defendants* request that this action be dismissed." Answer at 2 (emphasis added). Thus, although the July 25, 1991 submission is signed by Loring only, it purports to be the response not only of Loring, but of Whitemark and Rose as well.

Defendants' characterization of the July 25, 1991 submission as an informal letter to the Court rather than an answer is also without merit. The document was addressed to the clerk of court and was denominated a "response to the complaint as filed in the case." Answer at 1. In addition, page two of the document states that it is "Answering the complaint on a point by point basis," and then states either "deny" or "no knowledge" in response to each numbered paragraph of the complaint. Answer at 2. Finally, the document requests that the complaint be dismissed. The Court therefore concludes that the document was intended to be an answer on behalf of Whitemark, Rose, and Loring.

That decided, it must be determined whether the answer raised a personal jurisdiction defense. As plaintiff points out, the Eighth Circuit has held that a personal jurisdiction defense must be raised in a clear and unambiguous way. *Alger v. Hayes*, 452 F.2d 841 (8th Cir.1972). In *Alger*, the defendant stated in his answer that the court lacked jurisdiction, without specifying whether he was challenging subject matter jurisdiction or personal jurisdiction. The Eighth Circuit held that the ambiguous statement in the defendant's answer was insufficient to preserve his personal jurisdiction defense, specifically stating that the record revealed that "defendant did not assert any objection to juris-

diction over his person in the answer filed." *Alger*, 452 F.2d at 843.

Under *Alger*, the July 25, 1991 answer is insufficient to raise a personal jurisdiction defense. The defendant in *Alger* stated that he challenged jurisdiction, although he did not specify what type of jurisdiction he challenged. Here, defendants did not even mention a challenge to jurisdiction, but stated merely that they denied a paragraph in the complaint that asserted a variety of facts. Defendants' general denial of paragraph two of the complaint could have been a denial of Loring's or Rose's relationship to either or both of the corporate defendants, a denial that one or both of the corporations transacted business in Minnesota, or some combination of those denials. It is far more ambiguous than the statement deemed insufficient to preserve a personal jurisdiction defense in *Alger*.

As noted above, defendants believe that the Court should liberally construe their answer to raise a personal jurisdiction defense because they appeared pro se in this action until May 1992, when they obtained their current counsel. The Court is not persuaded by this argument for two reasons. First, as plaintiff points out, defendants appear to have had assistance of counsel in this matter as early as October 1991. An attorney by the name of Alan Ross spoke with plaintiff's counsel regarding discovery matters, submitted affidavits on behalf of defendants in discovery motions before the magistrate judge, and reviewed at least some of the correspondence that defendants submitted to plaintiff's counsel.[2] Ross stated that he was not representing defendants, but was merely "facilitating communications" (Affidavit of Scott A. Johnson ¶ 6) and assisting in scheduling discovery. Affidavit of Alan Ross ¶ 4. Whatever his formal role, it appears that Ross was advising defendants in some capacity.

Second, and more importantly, the record belies defendants' attempt to characterize themselves as hapless pro se litigants who accidentally ran afoul of procedural rules.

In fact, it appears that defendants have pursued a calculated strategy of delay and deception in an effort to avoid liability in this action. Defendants have not only repeatedly refused to comply with discovery orders, but have been less than truthful in their submissions to this Court. In their responses to interrogatories, Loring and Rose stated that they had no knowledge of Network International. Indeed, in one submission, Loring specifically stated, "We have no record of Network International Limited and have no knowledge as to where they are." Johnson Aff. Ex. D. Similarly, the letter to the Court submitted in connection with plaintiff's motion for temporary restraining order stated that Network International was an independent distributor "downline" from Whitemark and that neither Whitemark, Rose, nor Loring were involved in selling the videotapes at issue in this action.

However, in affidavits submitted to the magistrate judge in connection with discovery motions, Loring and Rose stated that they are president and vice-president of Network International. Affidavit of Robert Rose ¶ 1; Affidavit of Al Loring ¶ 1. Those statements, of course, directly contradict Loring and Rose's earlier representations that they knew nothing about Network International and were not involved in any way with the actions underlying plaintiff's suit. In the face of these misrepresentations, defendants may not clothe themselves as innocents deserving special protection.

In summary, the Court holds that the July 25, 1991 response is an answer by defendants Loring, Rose, and Whitemark. Because the answer did not assert a personal jurisdiction defense with the particularity required by *Alger*, those three defendants have waived their personal jurisdiction defense.

 In addition, even if the July 25, 1991 response did properly raise a personal jurisdiction defense, all four defendants have waived such a defense by their conduct in this litigation. Asserting a person-

---

**2.** Defendants' October 11, 1991 response to plaintiff's discovery requests indicates that Ross received a copy of the response. Johnson Aff. Ex. D.

al jurisdiction defense in an answer does not preserve the defense in perpetuity. *Yeldell*, 913 F.2d at 539. Rule 12's requirement that defendants raise the personal jurisdiction defense in an answer or a pre-answer motion is intended to avoid delay and to simplify federal court proceedings. *Id.* Thus, where defendants do not comply with the spirit of Rule 12, they may be held to have waived their personal jurisdiction defense even if they complied with Rule 12's literal requirements by raising the defense in their answer. *Id.* In *Yeldell*, for example, the court held that the defendants had waived their personal jurisdiction defense, despite having raised it in their answer, when they failed to reassert the issue until after trial.

*Yeldell* represents an extreme case of delay; such extreme delay, however, is not necessary to find waiver by implication. In *Alger* the court found that even if the complaint were read to raise a personal jurisdiction defense, the defendant had waived such a defense by failing to reassert it until one year after he had been served with process and after the parties had engaged in extensive pretrial preparation. *Alger,* 452 F.2d at 844.

Waiver was also found in *Marquest Medical Products, Inc. v. EMDE Corp.,* 496 F.Supp. 1242 (D.Col.1980) (cited with approval in *Yeldell,* 913 F.2d at 539)). In *Marquest,* the defendants failed to object to personal jurisdiction and venue until six to ten weeks after the complaint was filed and after they entered into a stipulation regarding the plaintiff's motion for preliminary injunction. The court held that by submitting to the court's power in the stipulation, the defendants had waived their personal jurisdiction defense. In reaching this result, the court noted that "had defendants appeared at the hearing on [the plaintiff's] motion for preliminary injunction, waiver would have been a *fait accompli.*" *Marquest,* 496 F.Supp. at 1245. They could not avoid waiver by stipulating to an injunction rather than appearing at the hearing and challenging plaintiff's motion on the merits. In addition, the court observed that "preliminary matters such as personal jurisdiction ... should be raised and dis-posed of before a court considers the merits or quasi-merits of a controversy." *Id.* at 1246. Having submitted to the court's jurisdiction for purposes of the preliminary injunction, the defendants could not assert a personal jurisdiction defense after the injunction had issued.

In the instant case, defendants raised their personal jurisdiction defense long after the case was commenced. Prior to raising that defense, they responded in writing to the plaintiff's motion for preliminary injunction, arguing that plaintiff's claims were without merit. They participated in discovery, albeit incompletely, and submitted affidavits to the magistrate judge in connection with plaintiff's motions to compel discovery. Not until May 1992, some eight months after the action was commenced, did they raise the personal jurisdiction defense; even then, they did not immediately assert the defense by motion, but waited until August 27, 1992 to make a motion to dismiss for lack of jurisdiction. In the meantime, defendants stonewalled plaintiff's discovery efforts and misrepresented their knowledge of and involvement in the events underlying action.

The Court concludes that defendants have waived their personal jurisdiction defense by raising it after the Court considered the merits or quasi-merits of the case in the preliminary injunction motion and more than one year after the action began. By engaging in a strategy of delay, defendants have violated the spirit of Rule 12. Therefore, even if defendants did properly raise the personal jurisdiction defense in their answer, they have waived that defense by their conduct in this litigation.

## II. *Venue*

 Defendants argue that this action is improperly venued under 28 U.S.C. § 1400(a), which provides that suits arising under federal copyright law may be instituted in the district in which the defendant or his agent resides or may be found. The statute has been interpreted to mean that a copyright action may be brought in any district in which the defendant is subject to personal jurisdiction. *Store Decor Div. of*

*Jas Int'l v. Stylex Worldwide Ind.*, 767 F.Supp. 181, 185 (N.D.Ill.1991). Defendants therefore argue that because the Court lacks personal jurisdiction over them, the action is also improperly venued. In response, plaintiff points out that improper venue, like lack of personal jurisdiction, is a personal defense that may waived. *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180, 99 S.Ct. 2710, 2714, 61 L.Ed.2d 464 (1979). Improper venue is a defense that must be asserted in an answer or a pre-answer motion under Rule 12. For the reasons given in the above discussion on personal jurisdiction, the Court holds that defendants have waived their improper venue argument by failing to assert it in their answer and by their conduct in this litigation. *See, e.g., Manchester Knitted Fashions v. Amalgamated Cotton Garment & Allied Ind. Fund*, 967 F.2d 688, 691–93 (1st Cir.1992); *Marquest*, 496 F.Supp. at 1244–45.

### III. *Subject matter jurisdiction*

 Finally, defendants argue that the Court lacks subject matter jurisdiction over this action. In making this argument, they rely on 28 U.S.C. § 1400(a), which provides

> Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights ... may be instituted in the district in which the defendant or his agent resides or may be found.

As noted above, the statute has been interpreted to mean that defendants may be sued in the district in which they are subject to personal jurisdiction. Thus, defendants argue that under section 1400(a), a court lacks subject matter jurisdiction over an action in which the court lacks personal jurisdiction. They back up this argument by contrasting section 1400(a)'s use of the phrase "may be instituted" with section 1400(b)'s use of the phrase "may be brought." They ultimately conclude that for purposes of section 1400(a), venue and subject matter jurisdiction are essentially synonymous and that section 1400(a)'s requirements for venue and subject matter jurisdiction are identical to the requirements for personal jurisdiction.

Defendants' argument rests on a fundamental flaw: section 1400(a) governs not subject matter jurisdiction, but venue. *See Securities Training Corp. v. Securities Seminar, Inc.*, 633 F.Supp. 938, 941 (S.D.N.Y.1986) (holding that section 1400(a) is solely a venue statute). The jurisdictional statute for copyright claims, which is specifically referenced in plaintiff's complaint, is 28 U.S.C. § 1338(a). That statute provides that the district courts have original and exclusive jurisdiction of any civil action arising under federal copyright law. Therefore, the Court holds that it has subject matter jurisdiction over this action.

Accordingly, based on the foregoing, and upon all the files, records and proceedings herein,

IT IS ORDERED.