But for one exception, I concur in the holding, and its rationale, that the contacts of Troncalli with Alabama, as presented to the trial court, do not support in personam jurisdiction over Troncalli. Therefore, I concur in the judgment insofar as it requires that the denial of the motion to dismiss be vacated. My exception to the rationale for this holding is that I do not endorse certain federal cases cited by the main opinion, or the parenthetical explanations of those cases, to the extent that they may be construed as inconsistent with any of the Alabama Supreme Court cases cited in the main opinion or with any other Alabama Supreme Court cases. The federal cases I do not necessarily endorse are:Network Prof'ls, Inc. v. Network Int'l, Ltd., 146 F.R.D. 179, 181 n. 1 (D.Minn. 1993); Wines v. Lake Havasu Boat Mfg., Inc., 846 F.2d 40 (8th Cir. 1988); Chung v. NANA Dev. Corp., 783 F.2d 1124, 1126 (4th Cir. 1986); Charia v. Cigarette Racing Team, Inc., 583 F.2d 184, 189 (5th Cir. 1978); Butler v. Beer Across America, 83 F. Supp.2d 1261 (N.D.Ala. 2000); Stuart v. Spademan, 772 F.2d 1185 (5th Cir. 1985); *Page 469 Benjamin v. Western Boat Building Corp., 472 F.2d 723 (5th Cir. 1973);Douglas v. Modern Aero, Inc., 954 F. Supp. 1206 (N.D.Ohio 1997); andHighway Auto Sales, Inc. v. Auto-Konig of Scottsdale, Inc.,943 F. Supp. 825 (N.D.Ohio 1996).
I respectfully dissent from foreclosing the plaintiff from conducting jurisdictional discovery. For aught that appears in the mandamus materials now before us, the trial court has not addressed the matter of jurisdictional discovery and could reasonably allow the plaintiff an opportunity to make the requisite showing. Therefore, I further respectfully dissent from directing the trial court to dismiss the complaint against Troncalli.